## SAVERY v. SPENCE.

1. A court of equity, will not entertain a bill to enforce the specific execution of a contract in reference to personal property, unless compensation for a breach of the contract, will not give full, and complete redress, either from the nature of the contract itself, or from the peculiar character of the subject matter of the contract.

Error to the Court of Chancery of Talladega.  Before the Hon. W. W. Mason, Chancellor.

THE bill was filed by the plaintiff in error.  The bill, answers and proof, are sufficiently set forth in the opinion of

the court. The chancellor dismissed the bill, which is the matter now assigned for error.

L. E. PARSONS, for plaintiff in error.

1. The interest of one partner may be sold under execution, but chancery has jurisdiction to settle the accounts of the partnership, as well before as after the sale. 1. Because it is necessary to prevent the sacrifice of property. 2. That purchasers may know what they are buying. 3. To protect the rights of creditors of the firm; and 4. That the other partners may not be injured. Winston v. Ewing, 1 Ala. R. 129; Moore & Co. v. Sample, 3 Ala. R. 319.

2. In pleading, it is only necessary to state facts; the manner in which they are to be established, is to appear by the proof. 3 Ala. 458; 2 Id. 604; 2 Story's Eq. Pl. 245; Smith v. Burnham, 2 Sumner's Rep. 612.

MORGAN, for defendant.

1. The only averment in the bill which relates to any interest of Savery in the property, is in these words: "In 1843 or '4, Savery became, and still continues to be, jointly and equally interested with Spence in the purchase of six slaves," &c. This is not an averment of a partnership. Cooper v. Eyre, 1 H. Blackstone, 48; Story on Partnership, 380, § 264; Id. 47, § 30; Carlyle & Offut v. Patterson, 3 Bibb, 93-5.

2. Parties, whether joint owners, joint tenants, or tenants in common, have no right to go into chancery to settle a question of title; partners may do so, to have an account, and to assert a *lien* upon the partnership effects; but a court of chancery will only decree a partition, where the title *is* admitted. If at all, in the case of personal property. 9 Porter, 497; 3 Randolph, 361.

DARGAN, J.—The bill alledges, that the complainant, and Solomon Spence, became jointly, and equally interested, in the purchase of six slaves, Caroline and her five children. That Caroline, and four of the children, are in possession of complainant, and one of them in possession of Spence. That

the bill of sale was executed in the name of Spence alone. That an execution at the suit of Walker, against Spence and others, has been levied on the slaves, as the property of Spence, and prays an injunction against the sale at law. That the slaves may be sold under the order of the court of chancery, and the proceeds divided, and the interest of complainant paid to him.   Walker, the plaintiff in execution, and Spence, answer the bill.   The answer of Spence denies that complainant has any right whatever in the slaves, or that he paid any part of the purchase money, and states that the slaves were sold under an execution belonging to Spence, against one Mitchell, and were purchased by Spence on his individual account, and that the executions were credited by the amount of the sale, and the expenses, and costs were paid by him.   The answer however admits, that the complainant pointed out the negroes to the sheriff of Coosa county, as the property of Mitchell, and that he went from Talladega, to Coosa county, about forty miles, for this purpose.   It also admits, that he (Spence) is liable to pay complainant for this service.

The answer of Walker states, that he knows nothing of the levy of the execution, nor to whom the slaves belong.

The proof fully shows, that complainant paid no part of the purchase money, but that the slaves were paid for as stated in the answer of Spence, and the only ground of the complainant's claim to the negroes, is, that he went to Coosa county, and pointed out the slaves to the sheriff, as the property of Mitchell.   It also appears, that the complainant, and Spence, met at the office of Mr. Rice, in Talladega county, and it was agreed, that complainant should pay Spence $875, in full of his interest.   But the complainant failed to pay the money, at the time stipulated, so the contract was not consummated.   Mr. Cox, and Mr. Rice, then understood, that the parties were jointly interested in the slaves, but no other consideration passed between the parties.   Another ineffectual effort was made between the parties to settle the matters, and both seemed to treat the property as belonging to them jointly, but some difference arising, it was not consummated.

Another witness states, that before the sale, Spence informed him, that the complainant was to be equally inter-

Savery v. Spence.

ested in the profits of the slaves, if any were realized for his services, in disclosing to Spence where the property was, and going, and pointing it out to the sheriff, and we are satisfied, that this is the only foundation for the claim of the defendant, and that he has paid nothing on account of said slaves, nor borne any part of the expense incident to the sale.

The whole case made by the proof, shows that this is an application to a court of chancery, for a specific performance of a contract, in relation to personal property. No part of the purchase money has been paid by the complainant, nor is the title to the slaves in his name; but if he has any claim, or interest in them, it grows out of an agreement, that he should have an interest in the slaves, for disclosing to Spence where they were, and going from Talladega to Coosa county, and showing them to the sheriff. And he now seeks to enforce this contract in equity, upon the allegations that he and Spence were jointly interested in the purchase of the slaves. A court of equity will not decree a specific execution of a contract in reference to personal property, when compensation for the breach of the contract in damages, furnishes a complete and satisfactory remedy. See 2 Story's Eq. 26.

A court of equity, will in some instances interpose, and decree a specific performance of a contract, in reference to personal property; but then it must be shown, that a court of law cannot give full and complete redress by compensation in damages, for a breach of the contract, either from the nature of the contract itself, or from the peculiar character of the subject matter of the contract, neither of which is shown in the present case, and therefore the complainant should be remitted to a court of law, which is fully competent to give redress in this case, if there has been a violation of the terms of any contract in reference to the slaves.

Let the decree of the chancellor, dismissing the bill, be affirmed.

CHILTON, J., not sitting.