WILLIAM J. WYATT *et al.*

*v.*

MILTON MAYFIELD *et al.*

1. SPECIFIC PERFORMANCE—*of promise without consideration, when no estoppel arises.* Where the principal in a joint note agreed with his surety to apply certain indebtedness due him in payment of the note, without any new consideration therefor, and with this intention took a note from his debtor, payable to the payee in the first note, but never delivered the same to the payee, and afterwards transferred the same to his brother, in violation of the agreement with his surety and his promise to the payee, and where the surety did no act on the faith of such agreement whereby his condition was changed to his prejudice, it was *held,* that the surety could not specifically enforce the agreement to apply the latter note upon the first, in equity, for the want of any consideration to support the promise.

2. TRUST—*agreement to apply note in payment of prior debt.* Where the principal in a joint note takes a note for a debt due himself, payable to the holder of his note, and promises his surety to apply the latter note on the former, but has not been constituted an agent by the holder of the joint note to take the second one in his name, and it does not appear that the latter note was so taken in pursuance of any prior agreement or understanding between the principal in the joint note and the holder thereof, so that the latter could be compelled to take the same as a payment, there is no trust created, and the holder of the joint note can not compel the delivery of such latter note to him. Until the delivery of the latter note to him and its acceptance, the party so taking the same will be the equitable owner, and may transfer his equitable title.

APPEAL from the Circuit Court of Brown county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

Appellants filed their bill in chancery, in the court below, against appellees, alleging therein that on the 7th of May, 1867, the appellant William J. Wyatt, and the appellee Milton Mayfield, executed and delivered to the appellant Robert Seymour their promissory note for $1000, due —— after date, with interest at ten per cent per annum, on which Mayfield was principal and Wyatt was surety; that, afterwards, Mayfield, Wyatt, and appellant John B. Burch, became partners in a cattle transaction, from which resulted an indebtedness from Burch to Mayfield of $519.59, and a promissory note was executed therefor in the following language:

"*Franklin, August* 5, 1871.

"One day after date, for value received, I promise to pay to Robert Seymour, (senior,) the sum of five hundred and nineteen dollars and fifty-nine cents ($519.59), with ten per cent interest from date, until paid.

JOHN B. BURCH."

—that, when this note was executed, it was agreed by and between Wyatt, Mayfield, Seymour and Burch, that it should be made payable to, and delivered to, Seymour, and be by him accepted as a credit, for the amount thereof, upon the $1000 note held by him against Mayfield and Wyatt, before mentioned.

It is further alleged, that Mayfield has been, since the execution of the note by Burch, and still is, insolvent; that, in violation of the agreement and intention of the parties, Mayfield refused to deliver the note to Seymour, but, after the same became due and payable, delivered the said note to one Francis Mayfield, his brother, without the knowledge or consent of either of the complainants; that afterwards, on the 1st of May, 1873, and without the knowledge or consent of the complainants, said Francis Mayfield instituted suit on the law side of the circuit court of Morgan county, in the name of Seymour, for his (Mayfield's) use, against Burch, to collect the amount due on said note, which suit is now pending; that Seymour has always been, and now is, willing and anxious to accept the delivery of said note, and apply the proceeds of the same on the $1000 note; and Wyatt, as surety on said $1000 note, has been, and is yet, anxious that said note be so applied, and if the same is not so applied, said Wyatt will suffer loss to the extent of said note, as surety.

It is further alleged, that Burch, under the agreement in pursuance of which the note was executed, has always, and does now consider himself bound to pay said note to Seymour, the payee thereof, and to no one else; that he was then, and is now, solvent and able to pay the same, and thus, to the extent of its face and interest, cancel the said $1000 note; and that with this object in view, and no other, said note was made payable to Robert Seymour, and to no one else.

It is further alleged, that Wyatt, as surety of said Milton Mayfield, has paid all of the said $1000 note, except the amount or balance which the said Burch note would cancel and pay, and that unless said note can be so applied, he, the said Wyatt, will be compelled to pay out and lose the amount yet due upon the said $1000 note; that by reason of the insolvency of said Milton Mayfield, and by reason of the delivery of the said note by him to the said Francis Mayfield, the complainants are without remedy in the premises in a court of law, etc.

The bill prays for temporary injunction, and that on final hearing it be decreed that Francis Mayfield deliver the said note to the said Robert Seymour, Sr., to him to be paid by said Burch, and the proceeds thereof to be applied on the $1000 note, and for general relief.

Francis Mayfield, only, answered. He says, in his answer, that whatever may have been the agreement between the parties, the Burch note was not applied as a payment on the $1000 note due from Milton Mayfield and Wyatt to Robert Seymour, Sr., and that Burch owes the amount mentioned in said note according to its terms; that he, respondent, bought said note of Milton Mayfield, who had the same in his possession, and gave a good, sufficient and full consideration therefor, in cash, and that said Burch now owes said note, and that said money is due him. He denies that he ever made any contract or agreement, or had any understanding, with Wyatt, Robert Seymour, Sr., Milton Mayfield or John B. Burch, since he received said note, except that the same should be paid to him, respondent, and he denies that he had any agreement with these parties, except that with Milton Mayfield, before he purchased.

Replication was filed to the answer, and the respondents thereupon filed their motion to dissolve the injunction, and affidavits were filed in support of this motion, and in opposition thereto.

By agreement of parties the affidavits were treated by the court, on hearing, as depositions, and, on hearing said motion, the court ordered the injunction to be dissolved and the bill dismissed. From this order an appeal was prayed, and prosecuted to this court.

The errors assigned question the ruling of the court in dissolving the injunction and dismissing the bill.

Mr. I. J. KETCHAM, for the appellants.

Mr. WM. H. BARNES, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Without considering other evidence than that furnished by the affidavit of appellant Wyatt, we think it is clear no case is made for equitable relief. It is there alleged, that in the settlement between Milton Mayfield and that appellant, the former told the latter that what was coming from Burch should be paid on the note of $1000 to Robert Seymour, and what that appellant was found, in that settlement, to be indebted to Mayfield, should also be paid on that note; that after Milton Mayfield had settled with Burch, and taken the note for $519.59, and while appellant Wyatt and he were trying to settle their part of the business and other matters between them, Milton Mayfield took from his pocket the Burch note, handed it to appellant Wyatt, and stated that he had the note drawn payable to Robert Seymour for the express purpose of liquidating a part of the $1000 note, and told appellant Wyatt that the first time he should see Robert Seymour he would apply the Burch note on the note given by himself and that appellant; and that appellant Wyatt was surety, only, on the $1000 note, Milton Mayfield being the principal.

It is to be borne in mind it is the equitable, not the legal, aspect of these facts that is to be considered.

Milton Mayfield undoubtedly intended, when the Burch note was executed, that it should be delivered to Seymour as a payment on the $1000 note. But this was a mere unexecuted intention. There was no new consideration passing from appellant Wyatt to him, sufficient to support the promise and make it a valid contract, so as to be susceptible of enforcement in the courts. Appellant Wyatt did no act on the faith of this promise whereby his condition was changed to his prejudice, so as to create an *estoppel in pais.*

There was no trust created, as argued by counsel for appellants, in behalf of Seymour, because Seymour never constituted Milton Mayfield his agent or trustee for that purpose, and it

does not appear that the note was executed pursuant to any prior agreement or understanding between Milton Mayfield and Seymour. Seymour could not be compelled to accept the Burch note, and credit the amount on the $1000 note, against his will, and he would be concluded by no promise to that effect until after an actual delivery to and acceptance by him of the Burch note.

Until a delivery of the Burch note to Seymour, and its acceptance by him, it was equitably the property of Milton Mayfield. This equity he has transferred to appellee Francis Mayfield. Seymour has no equity which he can enforce as against the note, and the bill, indeed, is not framed on that hypothesis. The equity alleged in the bill is in favor of appellant Wyatt, and, unfortunately, it has no other foundation than the naked promise of his principal, unsupported by any legal consideration, and not accompanied by circumstances creating an *estoppel in pais.* It is as worthless as any other delusive promise of a failing creditor in regard to his future intentions of securing his debts.

The decree is affirmed.

*Decree affirmed.*