No. 5846.

## THE PHENIX INSURANCE COMPANY OF BROOKLYN *v.* P. J. WILLIS & BRO.

1. GARNISHMENT—INSURANCE.—When in a policy of insurance there is a stipulation that proof of loss must be made before the company can be held bound to pay, no suit can be maintained on the policy until such proof of loss is made; yet in such case a writ of garnishment may issue at the instance of the creditor of the insured—the same not being strictly speaking a suit, but process authorized to discover, among other things, whether some debt or obligation exists not yet matured.

2. GARNISHMENT.—When the plaintiff controverts the return of a garnishee, and specifies in what particular he regards it untrue, under oath, it is not necessary that the allegations on which the issue is made up should be sworn to.

3. FRAUD.—When a policy of insurance contains a stipulation that all fraud or attempt at fraud, by false swearing or otherwise, shall bar any recovery for loss under it, no recovery can be enforced by an assignee of the policy, though the assignment was made with the consent of the insurer, if it was transferred to defraud creditors, and the insurer was ignorant of fraudulent purpose when consent to the transfer was obtained; and this though the transfer was made to the agent of the insured, he acting for himself. In such a case the creditor of the insured can not enforce collection of the policy by process of garnishment.

APPEAL from Lampasas. Tried below before the Hon. W. A. Blackburn.

*Maxey & Fisher* and *Matthews & Wood*, for appellants: The court erred in overruling the demurrers and exceptions, general and special, to plaintiff's plea controverting the answer of the garnishee, they cited Edgerly v. Farmer's Insurance Company, 43 Iowa, 587; Home Insurance Company v. Duke, 43 Indiana, 418; O'Brien v. Insurance Company, 63 New York, 108; Insurance Company v. Nelson, 65 Illinois, 415; Home Insurance Company v. Lindsley, 26 Ohio State, 348; Farmer's Insurance Company v. Frick, 29 Ohio State, 466; East Texas Fire Insurance Company v. Dyches, 56 Texas, 565; 67 Maine, 180; 51 Wisconsin, 605; Perry v. Phenix, etc., 12 Reporter, 584. Allegation that Scott was owner or holder of policy essential: Malone v. Craig, 22 Texas, 609. Allegation of insurable interest when policy issued and loss occurred essential to statement of cause of action: Quarrier v. Peabody Insurance Company, 10 West Virginia, 522, 523; Ruse v. Insurance Company, 23 New York,

527; Fowler v. New York Indemnity Company, 26 New York, 422. Petition demurrable which omits material parts of a written contract or fails to state their legal effect: Gilmore v. Lycoming Insurance Company, 10 Reporter, 555; Bobbitt v. Insurance Company, 66 North Carolina, 70; same case, 8 American Reports, 494; Bidwell v. Insurance Company, 3 Sawyer (U. S. C. C.), 261; Home Insurance Company v. Duke, 43 Indiana, 418; Insurance Company v. Nelson, 65 Illinois, 415.

Plaintiffs' amended first supplemental petition sought to supply allegations omitted from their controverting plea which were material to the statement of a cause of action against the garnishee; and said pleading being, in effect, but an amendment of a sworn plea, which it supplanted, should have been verified by affidavit. Revised Statutes, articles 193, 211; Drake on Attachment, sixth edition, 460, 658a.

In the absence of proof that the garnishee, at any time prior to the loss, had knowledge of the fraud of Scott and Hargrave, the fact, whether established by admission or otherwise, became immaterial, and could not be resorted to for the purpose of depriving the garnishee of its right to assert and insist upon a forfeiture, either for misrepresentation of Hargrave's interest in the property at the time the policy was assigned to him, or for the subsequent alienation and change of title of the property without its consent. Wood on Insurance, sections 112, 200, 87, 322; Treadway v. Insurance Company, 29 Connecticut, 68.

The judgment of the court, on both the law and the evidence, should have been for the garnishee. Galveston, Harrisburg & San Antonio Railway Company v. McDonald, 53 Texas, 516; Galveston, Harrisburg & San Antonio Railway Company v. Hume, 59 Texas, 48, 49; Harris v. Miller, 71 Alabama, 26, 32; Avery & Sons v. Lockland, 75 Alabama, 530; Henderson v. Alabama Gold Life Insurance Company, 72 Alabama, 32; Drake on Attachment, sixth edition, sections 451a, 452, 458, note 2, 462, 545; Drake on Attachment, sixth edition, section 658a; Revised Statutes, article 194; May on Insurance, sections 7, 72; Flanders on Insurance, 28, note 2; Id., 376; Mercantile Insurance Company v. Hope Insurance Company, 8 St. Louis Court of Appeals, 408, 410; Utica Insurance Company v. Toledo Insurance Company, 17 Barbour (N. Y.), 132; Bently v. Insurance Company, 17 New York, 421; New York Central Insurance Company v. National Protection Company, 14 New York, 85; Rockford Insurance Company v. Nelson, 65 Illinois, 416, 422; May

on Insurance, section 125; see also 95 Pennsylvania State, 45, and other cases cited under third assignment, supra; Hart v. Rust, 46 Texas, 566; Drake on Attachment, sixth edition, sections 677, notes 1 and 2, 458, 660; Phenix Insurance Company v. Harris, 35 Connecticut, 310; Meyer v. London and Liverpool and Globe Insurance Company, 40 Maryland, 595; Woodhouse v. Insurance Company, 54 Pennsylvania State, 307; Perry v. Lorillard Insurance Company, 61 New York, 215; Savage v. Insurance Company, 52 New York, 502; Sherwood v. Insurance Company, 73 New York, 447.

*Acker & Abney* for appellee:  Appellant is bound by the acts of its agents.  The knowledge of the agent is knowledge of the principal.  May on Insurance, sections 88, 142, 143, 144, 152, 189; Drake on Attachment, fifth edition, sections 549, 485; Kerr on Fraud and Mistake, 111, 112; Story on Agency, sections 126, 127, 139; Freeman on Judgments, third edition, 167; Wright v. Calhoun, 19 Texas, 421; Calhoun v. Wright, 23 Texas, 525.

It being conclusively shown that appellant's agent at Lampasas was fully informed of the transfer from Scott to Hargrave, and that transfer having been made with intent to defraud the creditors of Scott, and that said agent participated, as such agent, in this fraudulent intent and transfer, and that appellees had attached the insured property upon the ground that it had been transferred to appellant's agent with intent to defraud the creditors of Scott, Scott's testimony was admissible to prove the character of the transfer from him to Hargrave; and if Hargrave acquired no title by that transfer, as against these appellees, he could convey no title to Exall, his assignee, as against these appellees.  The same facts being established by the admission of appellant, there was no error.

An express denial by an insurance company of liability on a policy, is a waiver of conditions stipulated to be performed prior to bringing suit.  East Texas Fire Insurance Company v. Coffee, 61 Texas, 292; May on Insurance, section 469.

Appellees having filed affidavit controverting appellant's answer, subsequent pleadings necessary to "form an issue under the direction of the court" need not be sworn to.  Revised Statutes, articles 192, 211, 213.

MALTBIE, PRESIDING JUDGE.  On the fifth of October, 1883, G. W. Scott obtained a policy of insurance on a house in Lampasas for one year, from P. M. Hargrave, who was the local

agent of appellant, The Phenix Insurance Company of Brook-lyn, New York, and, on the fifteenth day of November there-after, Scott, with the consent of the company, transferred said policy to the said P. M. Hargrave, he having a short time before purchased the property insured from Scott, and received a gen-eral warranty deed to the same.   These transfers were made without consideration, and with intent on the part of both Scott and Hargrave to defraud the creditors of the said Scott; but this intent was not known to the insurance company until after the destruction of the building by fire, which occurred on the fourteenth day of August, 1884.   On the thirtieth day of July, 1884, Hargrave made a general assignment of all of his prop-erty, including that insured, to Henry Exall, for the benefit of his (Hargrave's) creditors.   The insurance company in no way consented to this assignment.   Appellees, who were creditors of G. W. Scott, on November 17, 1883, commenced suit against him, and caused an attachment to be levied on the property insured, claiming that the transfer to Hargrave was fraudulent and void, and on the fifth of September, 1884, garnisheed the insurance company.   Notice of the fire was given and proofs of the loss made by said Scott, on the sixth of September, in proper form, he then claiming that the transfer of the property to Hargrave was intended as a mortgage, and on the seventeenth of the month the insurance company, through its general agent, denied all liability to Scott, and afterwards, in answer to the garnishment, denied under oath that it was indebted or in any way liable to Scott on the policy of insurance, which was con-troverted by appellees by a written affidavit.

It is contended by appellant that the garnishment was pre-maturely filed, because at the time of its issuance no proof of loss had been made, and by the terms of the policy proof of loss was required before the company could be held liable to pay. It has been frequently held that making proof of loss, where there is such a stipulation in the policy as is in this, is a condi-tion precedent, and must be complied with before suit can be maintained for the recovery of the amount of the policy. (East Texas Insurance Company v. Dyches, 56 Texas; O'Brien v. The Insurance Company, 63 New York; Insurance Company v. Nel-son, 65 Illinois.)

But we are of opinion that the issuance of a writ of garnish-ment is not strictly speaking an action for the recovery of a debt, but is more in the nature of a bill of discovery, and may

be filed in anticipation that a debt or other obligation will mature at some future time. This practice is evidently contemplated by our statute of garnishment. In this instance, the property having been destroyed by fire, the agreement to pay the policy was no longer contingent, but had become absolute by the happening of the event mentioned in the policy, subject to be defeated, however, by defenses pleaded and proven, as might be done in other cases of debt. Consequently the garnishment was not prematurely issued.

Nor do we think it necessary that the controverting affidavit to appellant's answer should contain all the allegations necessary to authorize a recovery on the policy in an ordinary suit at law. Article 211 of the Revised Statutes provides that the plaintiff may contest the answer of the garnishee, if he believes it incorrect, by affidavit in writing, stating in what particulars he believes the same untrue; while article 213 provides that in such cases an issue shall be formed, under the direction of the court, and tried as in other cases, giving the court plenary power in reference to the formation of the issue, so far as mere form is concerned. "All that can be required of the plaintiff is that he state the facts on which he relies to establish the liability of the garnishee with sufficient certainty to enable the latter to prepare for his defense." (Adkins v. Watson, 12 Texas, 199, 200.) In this case the complaint is not that the plaintiffs in their pleadings failed to state such facts as were necessary to enable the garnishee to make its defense, but that the pleadings were not sworn to. We think it sufficient that the controverting affidavit was under oath; there is no law requiring that the allegations upon which the issue is made up should be sworn to.

The principal question in the case yet remains: Was appellant liable on its policy to the creditors of Scott. The company was induced to give its consent to the transfer of the policy upon the false representation that Hargrave had become the owner of the property insured, while the proof showed that the understanding was that the transfer from Scott to Hargrave should be a mere cover to enable Scott to effect a favorable compromise with his creditors, he being at the time largely indebted; and, no consideration having passed, the transfer was fraudulent and void as to his creditors.

It is provided in the policy "that all fraud or attempt at fraud, by false swearing or otherwise, shall be a complete bar

to any recovery for loss under it." The company doubtless understood, and it was without doubt intended by Scott and Hargrave that it should understand, that there had been a complete and valid transfer of the property as to all persons; but it being invalid as to the creditors of Scott, created such a state of confusion and doubt as to the ownership of the policy as rendered it hazardous to pay the loss to any one. This was to the disadvantage and detriment of the company and calculated to provoke litigation; and, having been induced by false representations, was a fraud upon it, which it had provided against in its policy.

But it is objected that, conceding the fraud would ordinarily avoid the obligation of the policy, yet Hargrave being the agent of the company, and having knowledge of the fraud by reason of his own participation therein, the appellant is chargeable with his knowledge, and for that reason must be held to have waived its right to insist on the condition of the policy before referred to, though it was in fact ignorant of the fraudulent intent of Scott and Hargrave.

It is well settled that the knowledge of the agent will be imputed to the principal in matters where the agent is acting in the scope of his authority, and that the principal can not avail himself of the fruits of his agent's fraud on account of his ignorance of such fraudulent conduct. (Kerr on Fraud and Mistake, 111, 112; May on Insurance, 142; Wright v. Calhoun, 19 Texas, 421.)

But Hargrave, in procuring the transfer of the policy from Scott to himself, was not representing the company, nor was the act for its benefit, it being a matter of indifference to the company to whom the policy was payable; the transfer being at the request and. for the accommodation of Scott, no valid reason is perceived why appellant should be estopped from insisting on the conditions of its policy. And in order to do so it was not necessary to return or offer to return any portion of the premium after discovering the fraud. (Besser v. Insurance Company, 37 Wisconsin, 39, 40; Phenix Insurance Company v. Stevenson, 78 Kentucky, 161.)

There is another view of the case, also, fatal to appellee's right to recover. As a general rule, the plaintiff can not acquire any greater rights against the garnishee than the defendant himself possesses, unless the garnishee be in possession of effects of the defendant under a fraudulent transfer. (Drake

on Attachment, 5 ed., par. 458.) There are certain exceptions to the rule, it is true (Id., 464), but the facts of this case are not within any of them. The transfer of the policy from Scott to Hargrave, being with intent to defraud the creditors of the former, no trust could result in favor of Scott, whatever the understanding between himself and Hargrave may have been; and the legal title being in Hargrave's assignee, Exall, Scott could not recover, and as a consequence appellees can not— appellant not being in any way tainted with the fraud of Scott, nor having any of the fruits thereof in its possession.

In view of the foregoing, we are of opinion that the judgment should be reversed and here rendered for appellant.

                                      *Reversed and rendered.*

Opinion adopted January 20, 1888.

[Judge Acker did not sit in this case.]