## C. R. HUTCHESON v. HARRY TOM KING, GARNISHEE.

Decided November 12, 1904.

**1.—Garnishment—Negotiable Note Not Due.**

It is the general rule that the maker of a negotiable promissory note, while it is current and not yet due, can not be held liable as garnishee at the suit of a creditor of the payee of such note, and this because of the negotiability by law of such paper, and the liability of the garnishee to the holder of the note, whether he be known or not.

**2.—Same—Exception to the Rule.**

The rule does not apply, however, where at the time of the garnishment the note is for any reason not current or negotiable, as where it has been placed by the owner in the hands of the maker, to be delivered to a third person by the maker, acting as the owner's agent, upon payment being made therefor by such third person in accordance with an agreement with the owner.

**3.—Same—Executory Contract of Sale.**

Such contract for the sale of the note to such third person being executory, and neither the title to the note nor the owner's right to the possession thereof having passed, will not serve to defeat the garnishment, since such third person, not having tendered the purchase money for the note prior to the service of the garnishment, has no right to a specific performance of the agreement.

**4.—Same—Protection of Garnishee.**

The garnishee, having the note executed by himself in his possession at the time of the garnishment, is in a position to protect himself against a transfer of the note to a third person without notice, and it is his duty to do so.

Appeal from the County Court of Taylor. Tried below before Hon. D. G. Hill.

*J. M. Wagstaff*, for appellant.—The maker of a negotiable promissory note, although it is not due, is subject to garnishment in favor of a third party who holds a valid debt against the owner of the note, the maker of the note holding the same as the agent of the owner. A negotiable promissory note, although it is not due, is subject to garnishment in favor of a third party, who holds a valid debt against the owner of the note, the maker of the note holding the same as the agent of the owner. Stone v. Dean, 5 N. H., 502; 2 Wade on Attachment, sec. 460.

*Harry Tom King*, for appellee.—Negotiable promissory notes not due in the hands of an agent for collection are not subject to garnishment. Carter v. Bush, 15 S. W. Rep., 167; Sewing Machine Co. v. Atkinson, 12 S. W. Rep., 812, and cases there cited; Willis v. Heath, 75 Texas, 124, 12 S. W. Rep., 971; Taylor v. Gilliean, 23 Texas, 515; P. & M. Bank v. Floeck, 43 S. W. Rep., 589, 17 Texas Civ. App., 418; Medley v. Radiator Co., 66 S. W. Rep., 86; Tirrell v. Canda, 25 Texas, 456; Gause v. Cone, 11 S. W. Rep., 162; Price v. Brady, 21 Texas, 614; Wybrants v. Rice, 3 Texas, 459; Ellison v. Tutle, 26 Texas, 283; Bassett v. Garthwaite, 22 Texas, 230; Iglehart v. Moore, 21 Texas, 501; Iglehart v. Mills, 21 Texas, 545; Kapp v. Teel, 33 Texas, 811; Willis v. Lyman, 22 Texas, 268; 1 Roses Notes, vol. 1, pp. 844, 845.

SPEER, ASSOCIATE JUSTICE.—This is a garnishment proceeding instituted by C. R. Hutcheson, as a judgment creditor of J. W. Golden, against Harry Tom King, as garnishee, in the County Court of Taylor County. The following are the findings of fact and conclusions of law filed by the county judge upon which he rendered judgment discharging the garnishee: "I find that at the time the writ of garnishment was sued out in this cause, J. W. Golden was indebted to C. R. Hutcheson in the amount of a judgment for the sum of $201.50, dated the 21st day of February, 1903, with 6 percent interest from date of the judgment, and $7.65 costs in procuring said judgment, and that the garnishment in this case against Harry Tom King was sued out on this judgment, which judgment was wholly unsatisfied at the time of the trial in this cause. I further find that the writ of garnishment was served on Harry Tom King the 30th day of September, 1903, and at the time that said writ was served on said Harry Tom King the said King had in his

possession for delivery to M. C. Lambeth two notes, payable to the said J. W. Golden and belonging to the said J. W. Golden, one for the sum of $200 and one for the sum of $300, the note for $200 being due February 13, 1905, and the note for $300 being due February, 1906, and the said notes were negotiable promissory notes executed by Harry Tom King and payable to J. W. Golden or order, and that when said writ of garnishment was served on said King he had said notes in his possession as agent, and now has said notes in his possession as agent of J. W. Golden. I further find that said J. W. Golden, a few days before the writ of garnishment was served, contracted to sell said notes to M. C. Lambeth, and sent the notes to Harry Tom King to be delivered to said M. C. Lambeth on the said Lambeth paying to said King for Golden the purchase price, and that the said King at the time he was served with the writ of garnishment held the notes as the agent of J. W. Golden, and at the time of the trial of this cause, and that said notes are negotiable promissory notes and are not due. I further find that said notes bear 8 percent interest from date, and that they provide the usual 10 percent attorney fee clause. I further find that M. C. Lambeth never paid anything for said notes, and is asserting no claim to them in this suit.

"*Conclusions of Law.*—The notes being negotiable promissory notes and not being due, are not subject to the garnishment in the hands of a third ·party who is the agent of the owner of the notes, although the third party is the maker of the notes. The garnishee is therefore discharged."

It is the general rule, we believe, well established by the authorities in this state, as well as elsewhere, that the maker of a negotiable promissory note, while the same is current and not yet due, can not be held liable as garnishee at the suit of a creditor of the payee of such note. The reasons for this rule are found in the facts of the negotiability by law of such paper, and in the liability of the garnishee to the holder of the note, whether he be known or not. Price v. Brady, 21 Texas, 614. These are weighty reasons, and should in all cases where they exist avoid the liability of the maker when garnished with respect to such indebtedness. But the rule that the maker of a negotiable promissory note is not liable in garnishment is not absolute. After the maturity of his paper, if it can be shown that the payee is still the owner, the maker may be garnished. Neither of the above reasons exists which would exempt him from liability. We take it to be the rule that the maker of such paper may in any case be held liable by the garnishment process if it be made to appear that at the time of service he is indebted to the defendant in the action upon a promissory note, if it at the same time appears that such note for any reason is not current or negotiable. In the present case, by the act of Golden in placing the notes in question in the hands of the garnishee, they ceased to be current negotiable paper according to the law merchant. For this reason there was no uncertainty at the time of the service of the writ of garnishment as to the person to whom the garnishee was indebted, nor was there any probability, or even possibility, under the circumstances shown by the facts of this case, of the notes falling into the hands of an inno-

cent purchaser, and therefore of his liability to pay twice should he be held liable in this action. This is a state of facts that has seldom been found to exist in the law of garnishment, but, so far as we have examined the authorities, such has been the holding of the courts passing upon the question. Stone v. Dean, 5 N. H., 502; Woodman v. Carter (Me.), 38 Atl. Rep., 169; 2 Wade on Attach., par. 460; Waples on Attach., 206.

It is true that under our statutes (Rev. Stat. of 1895, art. 307) the rules of the law merchant with respect to the transfer of negotiable paper are not in all respects applicable to us. Such transfer may be made without indorsement and delivery; it may be made by assignment, either written or oral. Word v. Elwood, 90 Texas, 130, 37 S. W. Rep., 414. But even under the liberal rule thus allowed, the assignee, before he is accorded the protection of an innocent purchaser, must have obtained "such instrument before its maturity, by giving for it a valuable consideration, and without notice of any discount or defense against it." Now it can not be said that an assignee of the paper from Golden can in any event be a purchaser without notice of the defense of King, should he be held liable in this suit, since the notes themselves are in King's possession. A purchaser can not shut his eyes to the rights of one in possession of the property assigned. Common prudence and common honesty would require that he inquire into the extent of the rights evidenced by such possession. Sanger v. Collum, 98 Texas, 162, 11 Texas Ct. Rep., 78.

It is contended, however, that the transaction between Golden and Lambeth amounted to an executory contract to convey the notes in question, and for this reason the judgment of the trial court should be affirmed. But let it be conceded that the findings show an executory contract for the sale of the notes in question, it nevertheless does not follow that the garnishee should be discharged. We understand the rule to be that in cases of mere agreement to sell in the future, the sale itself is not actually consummated; the title does not pass, but the thing bargained remains the property of the bargainer, and as such liable to be taken in attachment or garnishment for his debts. Tomlinson v. Collins, 20 Conn., 364; Seymour v. O'Keefe, 44 Conn., 128; Burnell v. Robertson, 10 Ill., 282; Taacks v. Schmidt, 18 Abbott's Prac. (N. Y.), 307; Smith v. Whitfield, 67 Texas, 124; Drake on Attach., par. 245a. Certainly under the circumstances of this case Golden had not lost the control of or dominion over the notes at the time of the service of the writ of garnishment. True, they were in King's hands for the purpose of being delivered to Lambeth upon the latter's paying to him the agreed purchase price, but there is nothing to indicate that Lambeth had in any manner agreed to such deposit with King, and Golden was therefore entitled at any time prior to Lambeth's acceptance of the notes to demand and receive them back. We do not think appellant's right to judgment against the garnishee is defeated by this contract of sale. At most the contract is only an agreement that Lambeth should at a future day acquire the title to the property, but can not in any sense be construed as passing the title in praesenti. The general rule is that a specific performance of a contract in respect to personalty will not be enforced except when there is no adequate legal remedy. Savery v.

Spence, 13 Ala., 561; Cowles v. Whiteman, 10 Conn., 121; Stuart v. Pennis, 91 Va., 688.

No reason is suggested in this case why Lambeth's action for damages for breach of this executory contract would not be an adequate legal remedy. Moreover, it can hardly be said that Lambeth is now, or can hereafter be, in a position to invoke the equitable powers of the court to decree a specific performance, inasmuch as he has in no way performed his contract, nor could he perform under such circumstances as to be without notice of appellant's rights in the premises. At best the courts lend little encouragement to actions for the specific enforcement of contracts to convey choses in action. Rollins Inv. Co. v. George, 48 Fed. Rep., 776; Wyatt v. Mayfield, 91 Ill., 577; First Nat. Bank v. Day, 52 Iowa, 680; Simon v. Wildt, 84 Ky., 157; Lochman v. Meehan, 66 Hun, 633; same case, 142 N. Y., 666, 37 N. E. Rep., 570; Mossman v. Schulter, 5 Ohio Dec., 404. So that it appears on the whole case that at the date of the service of the writ of garnishment herein the appellee was indebted to the judgment debtor Golden in a sum exceeding appellant's demand, not yet due, it is true, but a fixed, certain debt, owing and certain to become due at an ascertained date, represented by a note negotiable in form, yet for the reasons above indicated not current or liable to fall into the hands of an innocent purchaser, and we see no valid reason why judgment should not be entered against him in appellant's favor for the amount sued for. The appellee, having his notes in his own possession, is in a position to protect himself from all risks, and it is his duty to do so. The law favors the diligent in the prosecution of their rights, and no reason has been assigned, nor does one occur to us why the appellant should be denied the fruits of his diligence in this case. Of course we do not render judgment against the appellee upon the theory that the notes are effects in his hands, for under the decisions they are not; but rather upon the ground that he was indebted to the defendant in garnishment at the date of the service of the writ.

Upon the trial court's findings of fact it is ordered that judgment be here rendered for the appellant, C. R. Hutcheson, against the garnishee, Harry Tom King, for the amount of his debt, together with interest, but that execution thereon be stayed until February 13, 1905, when he may have his execution therefor, not to exceed the amount due on the garnishee's note maturing on that day; and for any balance remaining unsatisfied on this judgment he may have his execution on February 13, 1906. Marble Falls Ferry Co. v. Spitler, 7 Texas Civ. App., 82, 25 S. W. Rep., 985.

*Reversed and rendered.*