**GORDON et al. v. LITWOOD OIL & SUPPLY CO. (No. 7147.)**

(Court of Civil Appeals of Texas. San Antonio. April 23, 1924.)

**1. Garnishment ⟨⟩97—Defendant not entitled to question sufficiency of service on garnishee, where garnishee does not object.**

Defendant in an action wherein an insurance company as his debtor has been garnisheed is not entitled to object to the service made upon the insurance company, where that company does not object and by answer has waived any defects in the service.

**2. Garnishment ⟨⟩34, 148—Garnishment of insurance company, after loss, though before determination of liability, held not premature; statute held not applicable to answer.**

A writ of garnishment of an insurance company, after defendant's car insured by it had been burned, *held* not prematurely issued, though its liability to defendant was subject to be defeated by defenses which might arise; and Rev. St. art. 281, was not applicable to its answer setting out the facts and expressing doubt as to its liability on the policy.

**3. Garnishment ⟨⟩109—Defendant's attorney held not entitled to garnisheed fund as assignee.**

In action where insurance company, after loss of defendant's car insured by it but before adjustment of same, was garnisheed, defendant's attorney *held* precluded from obtaining by assignment any rights in the proceeds of the policy adverse to plaintiff.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by the Litwood Oil & Supply Company against W. S. Phillips and the Sterling Fire Insurance Company, garnishee, and others, wherein Sol Gordon intervened. From judgment rendered, Sol Gordon and others appeal. Affirmed.

Burns, Christian, Gumm & Gordon, of Fort Worth, for appellants.

W. L. Coley, of Fort Worth, for appellee.

FLY, C. J. This suit originated in a justice's court, where appellee obtained a writ of garnishment directed against the Sterling Fire Insurance Company, inquiring as to whether it was indebted to W. S. Phillips in any sum or had any of his effects in its possession, and, being answered in what was considered in the negative by the justice's court, judgment was rendered in favor of the garnishee, but judgment was rendered in favor of appellee as against W. S. Phillips and the sureties on a replevy bond for $192.91. Sol Gordon intervened in the cause in the justice's court, alleging that he had

an assignment of the claim of Phillips against the insurance company. Judgment was rendered against Gordon on his plea of intervention. The cause was appealed to the county court, where judgment was rendered in favor of appellee against Phillips and the sureties on the replevy bond, and on the appeal bond for $192.91, and against Gordon on his intervention.

[1] The affidavit for garnishment stated that the insurance company had a local agent in Tarrant county, in the person of the Ryan-Brants Company. The writ was issued, and the return showed execution of the writ by delivering a true copy to Ryan-Brants Company, agents, through Harry E. Brants, a member of the firm. The service was all that is required by the statute. Article 1861, Rev. Stats. The service caused the insurance company to answer, and that was all that was required. It has not objected to the service. Phillips has no right to object to the service if the insurance company does not, when that company, by answering, has waived any defects in the service.

[2] The garnishee answered showing that it was in doubt as to its indebtedness to Phillips. The answer does not show that the insurance company was not indebted to Phillips, and the provisions of article 281, Rev. Stats., have no applicability to it. The answer was not controverted. The answer set out the facts, so far as known at that time, and asked that a further answer might be allowed after the facts had developed as to the burning of the automobile which it had insured.

Although it had not been determined how much the insurance company owed Phillips, or whether it owed anything, the writ of garnishment was not prematurely issued. As soon as the automobile was burned, the agreement to pay the policy was not a contingency, but was absolute subject to being defeated by defenses that might have, but did not, arise. Ins. Co. v. Willis, 70 Tex. 12, 6 S. W. 825, 8 Am. St. Rep. 566.

[3] The controverting affidavit was necessary because the garnishee did not deny positively its indebtedness and asked that the matter be left open for developments. The insurance company afterwards acknowledged its indebtedness and agreed to pay the insurance. Phillips was in no position to deny the indebtedness of the insurance company to him, and admitted such indebtedness to him. The intervener, the attorney of Phillips, could not, under the circumstances, obtain a legal transfer of Phillips' rights in the insurance money.

There is no merit in this appeal, and the judgment is affirmed.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes