## CANFIELD et al. v. WRIGHT. (No. 2410.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 17, 1924.)

**1. Garnishment ⬉158 — Plaintiff need not controvert garnishee's answer where indebtedness to defendant shown.**

Where garnishee's answer shows that he was indebted to defendant at time of service of writ, plaintiff need not controvert answer.

**2. Garnishment ⬉206—Garnishee should interplead as claimant person alleged to have been credited with money owing defendant.**

Where garnishee in answer alleged that at request of defendant he had credited another with part of money owing defendant, to protect himself from a double recovery, garnishee should have interpleaded such other person as claimant and, having failed to do so, must abide result.

**3. Appeal and error ⬉151(2)—Where garnishee owes defendant nothing, defendant cannot appeal from judgment for or against garnishee.**

Where garnishee owes defendant nothing, defendant is not aggrieved by judgment e.ther for or against garnishee, and cannot appeal therefrom.

**4. Assignments ⬉4, 52—Agreement to credit held not assignment; there can be no assignment of fund not existing.**

The agreement by garnishee to credit another with sum of money, which garnishee did not owe defendant at time of service of writ, did not constitute an assignment, as there can be no assignment of a fund which does not exist.

**5. Garnishment ⬉41—Writ impounds all indebtedness thereafter accruing until filing of answer by garnishee.**

Although at time garnishment was served garnishee owed defendant nothing, under the statutes, service of writ impounds all indebtedness thereafter accruing until filing of answer by garnishee, and hence, where garnishee held money to be paid to defendant as commission upon completion of a sale, such money became impounded in hands of garnishee as soon as sale completed.

**6. Assignments ⬉49—Check not assignment until drawee accepts and agrees to pay.**

Where garnishee gave check to another to be paid upon completion of a certain sale of land by defendant, the giving of such check was not an assignment, in absence of showing that drawee bank had accepted and agreed to pay it.

Appeal from Bailey County Court; R. J. Klump, Judge.

Action by N. H. Wright against R. B. Canfield, in which plaintiff obtained judgment on which he sued out writ of garnishment against E. R. Hart, as garnishee. From a judgment for plaintiff, defendant and garnishee appeal. Affirmed.

A. B. Crane, of Farwell, for appellants. Levi Pressly, of Muleshoe, for appellee.

HALL, C. J. Appellee, Wright, who had a judgment against appellant Canfield, sued out a writ of garnishment thereon on May 20, 1924, against E. R. Hart, garnishee. Hart answered, stating, first, that he did not owe Canfield anything, "except as hereinafter specifically set forth." He then states that Canfield, as a broker, had sold some land for him on the 5th day of May, 1924, and that he had become indebted to Canfield in the sum of $300; that at the request of Canfield he had credited $150 of said amount on an account which he held against Mrs. Clara Lindsey, and had placed the other $150 in the form of a check with said contract of sale, to be paid to Mrs. Lindsey when the land deal was closed; that before the deal was closed the writ was served upon him, and that he was willing to pay the $150 to whomsoever the court should direct. He prayed that Mrs. Lindsey and her husband, as claimants of the fund, be made parties to this suit, so that the court might determine to whom the money should be paid. No citation was ever served upon Mrs. Lindsey or her husband. Canfield answered, denying that Hart was indebted to him in any amount. In response to special issues, the jury found that Hart owed Canfield $300 on the date of the service of the writ. Hart and Canfield have filed a supersedeas bond, but Hart, the garnishee, has filed no brief.

[1-3] It is first contended that, because Hart's answer was not controverted, he

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

should have been discharged. Where the garnishee's answer shows that he was indebted to the defendant at the time the writ was served upon him, it is not necessary for the plaintiff to controvert the answer, in fact, the plaintiff does not want it controverted. White v. San Miguel (Tex. Civ. App.) 66 S. W. 311. If Hart desired to be protected from a double recovery against him, he should have interpleaded Hupp and Mrs. Lindsey both, as claimants of the fund; having failed to do this, he must abide the result of the suit. Alamo Ice Co. v. Yancey, 66 Tex. 187, 18 S. W. 499. The effect of Canfield's answer is that Hart did not owe him anything at the time the writ was served. If this is true, it is not clear why he should file an answer at all. If Hart was not indebted to him in any sum when the writ was served, then a judgment against Hart does not injure him. He is not aggrieved, and has no right to appeal from a judgment either for or against Hart, if the latter owes him nothing. Baughn v. J. B. McKee Co., et al. (Tex. Civ. App.) 124 S. W. 732.

[4-6] Hart testified that at Canfield's request he credited Mrs. Lindsey's account with $150 on the 5th day of May, but that, if the sale had not been consummated, he would have charged the $150 back to Mrs. Lindsey on his books. This shows clearly that the $150 was credited conditionally, and, since the garnishment was served before the deal was closed, its effect is to impound the money in his hands as belonging to Canfield.

The account of Mrs. Lindsey could not either in fact or in law be credited with an amount which Hart did not owe Canfield on the 5th day of May. The uncontradicted evidence is that Hart could not owe Canfield any part of the $300 until the deal was closed, and this was not effected until several days after the garnishment was served. The agreement to credit the $150 is not an assignment of that much of the $300 commission thereafter to become due. There can be no assignment of a fund which does not exist. 1 Jones on Liens (2d Ed.) §§ 34, 48, 50; Hutcheson v. King, 37 Tex. Civ. App. 151, 83 S. W. 215; Provine v. First National Bank (Tex. Civ. App.) 180 S. W. 1107; First National Bank v. Campbell (Tex. Civ. App.) 193 S. W. 197; Patterson v. Citizens' National Bank (Tex. Civ. App.) 236 S. W. 130. It is true that at the time the writ was served Hart was not indebted to Canfield, but since under our statutes the service of the writ impounds all indebtedness which may thereafter accrue, until the filing by the garnishee of his answer, the effect of the writ is to impound the $300 in the hands of Hart as soon as the sale was completed. Shropshire v. The Bank (Tex. Civ. App.) 196 S. W. 977; Armengol v. Richter (Tex. Civ. App.) 141 S. W. 1028. Hart testified, with reference to the remaining $150 represented by check, that if the trade had fallen through he would have stopped payment by the bank. The giving of this check was not an assignment of so much of the fund to Mrs. Lindsey in the absence of a showing that the drawee bank had accepted and agreed to pay it. Hewitt v. First National Bank, 113 Tex. 100, 252 S. W. 161.

For the reasons above stated, and because Canfield has no right to appeal, the judgment will be affirmed as to him. Because Hart has filed no brief and for the further reason that the only error which could be urged in his favor is the exclusion of certain testimony set out in his bill of exception No. 12, and which, if admitted, would have contradicted the case made by Canfield, the judgment as to all parties is affirmed.