### MARBLE FALLS FERRY COMPANY V. JOE SPITLER.
#### No. 676.

1. **Negotiable Paper—Bonds—Garnishment.**—Bonds of a corporation payable to bearer with interest due annually are negotiable, and the corporation is not subject to garnishment to reach obligations of the payee.

2. **Effect of Garnishing a Debt Payable in Bonds.**—The ferry company was owing Burns & Dillon in amounts called for by certain bonds payable to them but not delivered, and due in twenty years, or earlier at option of maker, with interest payable annually. Garnishment was served against the company in suit against B. & D. before the delivery of the bonds. *Held:*

1. The company can be garnished and judgment rendered against it for the debt as it existed, not changing it in any respect.

2. Judgment with stay of execution for principal until maturity of bonds with executions issuable for annual interest, against the company.

APPEAL from Burnet. Tried below before Hon. W. A. BLACKBURN.
Suit was originally brought in the County Court. The facts are given in the opinion.

*T. E. Hammond,* for appellant.—1. The bonds of a company payable to bearer in the hands of the company executing them, and not having been delivered at time of service of writ of garnishment, had no life or validity, and life is only given to them by delivery, and are

not subject to garnishment.    2 Am. and Eng. Encyc. of Law., p. 458, pars. 8 and 9, and notes; Id., p. 34, par. 13; 2 Wade on Attach., sec. 448.

2.  A writ of garnishment is not permitted to operate so as in any way to  increase or change the liability of the party garnished.    The said bonds were payable in twenty years.    The judgment rendered against the Marble Falls Ferry Company has the effect to make the said company pay a portion of the principle of said bond before its maturity. 2 Wade on Attach., par. 459; Miller v. Hubbard, 4 Cranch, 461.

No briefs for appellee reached the Reporter.

COLLARD, ASSOCIATE JUSTICE.—This is a garnishment proceeding by Joe Spitler, the appellee, against the Marble Falls Ferry Company, a corporation doing business under the laws of this State.    The original suit to which this is ancillary was by Joe Spitler against Burns & Dillon, for $330.19.    The writ of garnishment was sued out by the plaintiff against the Marble Falls Ferry Company on the next day after the original suit was filed, to wit, on the 30th day of October, 1891, and was served on the same day.    The answer of the company denied each question propounded by the writ, which answer was controverted by the plaintiff.

The original suit was tried April 8, 1892, by the court, and judgment rendered for plaintiff against Burns & Dillon for $330.64 and all costs; and on the same day the court tried the garnishment suit and rendered judgment for plaintiff against the garnishee for the amount of the judgment and costs, from which the garnishee, the Marble Falls Ferry Company, has appealed.

There was a contract between Burns & Dillon and the Marble Falls Ferry Company, of date January 20, 1891, by which Burns & Dillon agreed to construct for the company a bridge across the Colorado river at Marble Falls, for the sum of $28,400.    W. O. Richardson was made trustee, and was to make payment to Burns & Dillon according to the terms of the contract.    The company agreed to turn over to Richardson $5000 in money, a negotiable promissory note for $400, and twenty-three bonds of the company, each of the denomination of $1000, which funds were to be paid to Burns & Dillon in proportion as the iron work for the bridge arrived at the depot at Marble Falls, the amount of iron to be estimated by the company's engineer; the $5000 to be turned over to the trustee at once upon the signing of the contract, and the bonds and note at the same time, or as soon thereafter as possible.

Before the writ of garnishment was served the iron for the bridge had arrived at Marble Falls, but it seems that the engineer had not made any estimate.    At the time of the service of the writ—on the 30th of October, 1891—the company had not delivered the bonds to the trustee, but did deliver them to him on November 4th—five days

after the writ was served. The bonds had been signed and delivered to the secretary of the company, to be by him delivered to Richardson, the trustee, pursuant to the contract; but, as before stated, he did not deliver them to the trustee until the 4th of November—after service of the writ.

The court below decided, that at the time the writ was served the bonds were effects of Burns & Dillon, in the hands of the company, of the value of at least $500, and that plaintiff should recover of the company the full amount of his judgment and costs against Burns & Dillon.

Errors are assigned, raising the questions upon which we rest our decision.

*Opinion.*—The bonds were the first mortgage bonds of the company, secured by all the property of the same and its franchises, of the denomination of $1000 each, numbering from one to twenty-three, inclusive, payable to bearer, due in twenty years, bearing interest at 7 per cent from the 1st day of January, 1892, payable annually on presentation of the coupons attached calling for the interest.

These bonds were negotiable instruments (8 American and English Encyclopedia of Law, page 666b, section 3), and if they had been delivered to Burns & Dillon they would not have been the subject of garnishment, the rule being that the payor of negotiable paper can not be garnished by a debtor of the payee unless it be shown that the paper be in the hands of the payee and past due. Bassett v. Garthwaite, 22 Texas, 231; Iglehart v. Moore, 21 Texas, 501. The bonds in question had not, at the time of the service of the writ, been delivered to Burns & Dillon, or to the trustee, Richardson, but were in the hands of the company, and were therefore not obligations of any kind, and had no effect until delivered. As long as they were in the hands of the company it could not be said that they were effects of Burns & Dillon in its possession. 2 Am. and Eng. Encyc. of Law, p. 458, sec. 8; Id., p. 460, sec. 9.

The real attitude of the parties at the time the writ was served was: The company was bound to execute and deliver the bonds called for in the contract, Burns & Dillon having performed their part of the contract. In other words, the company was under obligation to pay Burns & Dillon the amounts called for by the bonds in twenty years, or earlier, as stated, at the option of the company, and 7 per cent interest per annum thereon, annually, from the 1st day of January, 1892.

We can see no good reason why, when garnished, the company would not be liable to pay plaintiff the amount of his debt as established by his judgment on the same terms as required by the bonds. Plaintiff was entitled to judgment against the garnishee for the same amount recovered against Burns & Dillon, with interest at 7 per cent per annum thereon, payable annually, from the 1st day of January,

1892, with stay of execution on the principal for twenty years, after the 30th day of October, 1891 (the day the writ was served, at which time Burns & Dillon had completed their contract and were entitled to the bonds and attached coupons), with right of execution for the 7 per cent annual interest on the principal up to January 1, 1894, and other executions for the annual interest on the same on the 1st day of January of each succeeding year, and on the expiration of twenty years from the 30th day of October, 1891, plaintiff to have execution for the full amount of the judgment unpaid, the garnishee to have the right to pay the judgment, principal and interest, earlier or at once, at its option.

The principle underlying the rule that the payee of negotiable paper is not liable to garnishment, is, that otherwise he may be compelled to pay it twice. But when he is not so liable, the reason of the rule fails.

In this case, bonds had not been delivered at the time the garnishment was served, after which the company was not bound to deliver all of them. The garnishee was in a position to protect itself, and it failed to do so at its peril. It owes a debt, not due, it is true, but it owed a debt, a certain, present debt, sure to become due, and not evidenced by outstanding negotiable paper. In such case the debtor can be garnished and judgment rendered against him for the debt as it exists, not changing it in any respect. Insurance Co. v. Willis, 70 Texas, 12; Sheriff v. Buckner, 1. Litt. (Ky.), 127; Walker v. Gibbs, 2 Dall. (Pa.), 211; Teague v. LeGrand, 85 Ala., 493; Thomas v. Gibson, 61 Iowa, 50; King v. Vance, 46 Ind., 246; Early v. Redmond City, 57 Cal., 193.

The judgment of the court below should be reversed and judgment here rendered in accordance with this opinion, and it is so ordered.

*Reversed and rendered.*

Delivered April 4, 1894.