90 KENTUCKY REPORTS. [Vol. 104.

New Jersey Sheep & Wool Co. v. Traders' Deposit Bank, et. al.

CASE 11—ATTACHMENT.—JUNE 10.

# New Jersey Sheep & Wool Company v. Trader's Deposit Bank, et al.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. FOREIGN CORPORATION—JURISDICTION OVER—GARNISHEE.—In an attachment suit brought in a court of this State, such court has no jurisdiction to subject to the plaintiff's claim stock held by the defendant in a foreign corporation doing business in this State through local agents.

2. SAME—CONVERSION OF STOCK—EVIDENCE.—In such an action the foreign corporation might be made liable for the conversion of the stock held in it by a defendant, but a denial of such holding is not sufficient evidence of a conversion to warrant a judgment against it on that ground.

TYLER & APPERSON FOR APPELLANT.

1. The Circuit Court never obtained jurisdiction over any property of the defendants, Pidcocks and Rogers, in this State.

2. The Circuit Court could not assume or obtain jurisdiction over the stock of a non-resident debtor in a corporation organized under the laws of some other State.

3. The court erroneously assumes that appellant converted stock in this State the situs of which was in a foreign State, and also assumes that the appellee, Bank, could maintain an action for conversion of property, to which it has no title and to recover the value of property it charges to be converted when there could, in no state of this case, be an actual conversion.

4. Because the lower court could not require the application of any property to the payment of the debt of a non-resident, unless the property was in the actual possession of the garnishee when he was served with process within this State and the property within the jurisdictional limits of the court.

5. Because the prayer of the plaintiff bank does not authorize the judgment of the lower court.

6. Because the lower court had no authority to require the appellant to settle up its business as a corporation or to distribute any part of its surplus or capital for the payment of the debt of one of its stockholders.

.Vol. 104.]     'APRIL TERM, 1898.     91

New Jersey Sheep & Wool Co. v. Traders' Deposit Bank, et. al.

7. Because the judgment was rendered before any report had been filed by the attorney for the non-resident defendants.

8. Because the lower court erroneously held that by the service of the summons upon R. H. Kyle, it obtained jurisdiction of appellant.

Citations: Drake on Attachment, sec. 452a; Sutherland v. Second Nat. Bank, 78 Ky., 250; Wade on Attachment, sec. 413; Drake on Attachment, secs. 471, 474, 475, 476; Waples on Attachment, pp. 226, 245, et. seq.; Cook on Stock and Stockholders, secs. 485, 576; Am. & Eng. Enc. of Law, vol. 8, p. 1129; Plympton v. Biglow, 93 N. Y., 592; Merrick v. Vansantrum, 34 N. Y., 208; Stevens v. The Phoenix Ins. Co., 41 N. Y., 150; L. & N. R. R. Co. v. Dooly, 78 Ala., 524; Tingley v. Bateman, 10 Mass., 343; Nye v. Lipscombe, 21 Pick., 263; Hart v. Anthony, 15 Pick., 445; Lovejoy v. Equitable Ins. Co., 10 Abb. Pr., 193; Willet v. Equitable Ins. Co., 10 Abb. Pr., 193; Young v. Ross, 31 New Hampshire, 201.

SAME COUNSEL IN A SUPPLEMENTAL BRIEF MADE THE FOLLOWING CITATIONS:

Waples on Attachment (ed., 1895), secs. 387, 388, 459, 464, 465; Cook on Stock and Stockholders, sec. 485; Hawes on Jurisdiction, secs. 252, 253, 239; Drake on Attachment, sec. 244.

O'REAR & BIGSTAFF FOR APPELLEE.

1. The appellant, New Jersey Sheep and Wool Company, was made a defendant as well as a garnishee, was served with summons and answered to the merits. A personal judgment could, therefore, have been rendered against it. Bowen v. Emmerson, 4 Bush, 345.

2. The answer of the appellant company denying that any of the defendants had any stock in it, when it knew the answer to be false, was a conversion of the stock to its own use and rendered it personally liable for the conversion of the stock. The attaching creditor has the same right to maintain an action against a corporation after the conversion of the stock that the stockholder himself had. Cook on Stock and Stockholders, sec. 576; Budd v. The M. & S. Ry. Co., 13 Ore., 271; 53 Am. St. Rep., 355; Bouvier's Law Dic., title "Stock." And a preliminary injunction was proper. Drake on Attachments, sec. 413.

3. The attachment of the stock in the hands of the corporation does not necessarily involve a liquidation of the affairs of the corporation. However, the plaintiff having obtained personal service on the defendant, jurisdiction attaches as against the person and having caught in its hands in this State money owing by a garnishee to the defendant, Pidcock, jurisdiction was acquired *in rem.* Further, the question so much relied on by counsel for the appellant was waived by the appellant by answering to the merits of the case before raising that question.

4. Jurisdiction thus having attached, the trial court was competent to grant full relief. Am. & Eng. Enc. of Law, vol. 8, pp. 1130, 1131; Tipton v. Wright, 7 Bush, 448; Hunt v. Clay, Littell Select Cases, 26; Hawes on Jurisdiction of Courts, secs. 242, 243, 245, 252, 253; Quarrell v. Abbott, 13 Am. & Eng. Corp. Cases, 27; Clark v. Tarbell, 28 N. H., 88; Molyneux v. Seymour, F. & Co., 30 Ga., 440; s. c. 76 Am. Dec., 662; Beach's Modern Equity Jur., secs. 883-886; Gardner v. Ogden, 22 N. Y., 327; Penn v. Lord Baltimore, 1 Vesey, 444; Watkins v. Home, 16 Peters, 625; Ball v. Poor, 81 Ky., 26; Thomas v. Mahone, 9 Bush, 111; Brown v. Early, 2 Duv., 369; Monroe v. Cutter, &c., 9 Dana, 93.

SAME COUNSEL FOR APPELLEE IN A PETITION FOR A REHEARING.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

It appears that the firm of Pidcock & Rodgers (the members of which being J. N. Pidcock, Sr., John F. Pidcock, John N. Pidcock, Jr., and John K. Rodgers) were indebted to the appellee bank in the sum of $3,598.33, to recover which this action was brought against the Pidcocks and Rodgers. Rodgers was brought before the court by having a summons served upon him. The Pidcocks were sued as non-residents, and were before the court by constructive service. The appellant, the New Jersey Sheep & Wool Company, and R. H. Kyle were made defendants; and the summons and order of attachment were served on Kyle individually, and as agent of the appellant. The averment in the petition as to the indebtedness of the appellant and Kyle to their co-

defendants, the Pidcocks, is in the following language, to-wit: "The defendant New Jersey Sheep & Wool Company is a corporation created under the laws of New Jersey. That said defendant New Jersey Sheep & Wool Company is indebted to its co-defendants J. N. Pidcock, Sr., John F. Pidcock and J. N. Pidcock, Jr., in a sum far more than sufficient to pay the plaintiff's demand; all of said Pidcocks being stockholders in said defendant corporation, and each of them owning enough paid-up and unincumbered stock therein, and undivided profits or surplus therein subject to distribution, to more than pay the plaintiff's demands herein sued on. That the defendant R. H. Kyle is the chief officer or agent of the defendant corporation in this State, and said defendant corporation, and said defendant Kyle, as its agent, have in their possession in this State about $2,300." The appellant filed an answer, denying that it was indebted to the Pidcocks in any sum whatever, or that they had any stock, etc., in the appellant company. There was deposited to the credit of Kyle $2,300 in the appellee bank. The plaintiff instituted an action in equity, and enjoined the appellant and Kyle from withdrawing that sum from it. Plaintiff filed an amended petition, in which it was alleged that at the time the attachment was served the plaintiff was further indebted to the Pidcocks for merchandise, sheep, etc., furnished it, and for money loaned it by them, all aggregating a sum of more than $2,300. It also averred that the appellant had in its possession at least $2,300 belonging to the Pidcocks, and that such fund was placed in the hands of the appellant to enable it to carry on a business at Mt. Sterling; that it concealed the fact that the money belonged to the Pidcocks, that they might, cheat,

hinder, and defraud their creditors. After plaintiff had taken testimony by which it established the fact that J. N. Pidcock, Jr., was the owner of certain shares of paid-up stock in the appellant company, of the value of several thousand dollars, it filed another amended petition, alleging that J. N. Pidcock, Jr., owned the stock in the appellant company, and averring that as the appellant, in its answer as garnishee, had untruthfully denied its liability in any way to the defendant J. N. Pidcock, Jr., and also denied that he held stock in the appellant company, it thereby converted the stock to its own use and control, and became thereby liable for its value. It was therefore claimed that the appellant became liable as garnishee, to the payment of the debt upon which suit was brought. The appellee first sought to subject the $2,300 as a payment on its debt against Pidcock & Rodgers. It claimed that the money in bank belonged to the Pidcocks. The evidence taken in the case shows this claim to be incorrect. In fact, there was no competent testimony tending to show the money belonged to the Pidcocks. It was only upon a showing that the money belonged to the Pidcocks that the appellee bank could subject it to the payment of the debt which Pidcock & Rodgers owed. There is no evidence in the record which tends to show that the appellant was in any wise indebted to the Pidcocks or Rodgers at the time the order of attachment was sued out and served. When these facts were made to appear, the plaintiff, by amended petition, claimed that the appellant had become indebted to J. N. Pidcock, Jr., because of the conversion of his stock by the appellant. This claim is based upon the fact that Kyle, who was acting for the appellant in the purchase of sheep and lambs in Kentucky, filed an answer in which it was

New Jersey Sheep & Wool Co. v. Traders' Deposit Bank, et. al.

denied that the appellant was indebted to the Pidcocks
in any sum, or that they held any stock therein.  At the
time the answer was filed, the appellee's pleadings dis-
closed the facts that the Pidcocks were non-residents of
Kentucky, and that the appellant was a non-resident cor-
poration organized under the laws of New Jersey.  The
court did not have jurisdiction to sell the stock which
the Pidcocks held in the appellant company.  It is said
in Cook, Stock and Stockholders, section 485, that:  "All
attachment statutes provide for the attachment of a non
resident debtor's property in the State; and generally
under such statutes, the stock owned by a non-resident
in a corporation created by the State wherein the suit
is brought may be attached, and jurisdiction be thereby
acquired, to the extent of the value of the stock attached.
But under no circumstances can a defendant's shares of
stock be reached by levy of attachment in an action com-
menced outside of the State wherein the corporation is
incorporated.  For purposes of attachment, stock is lo-
cated where the corporation is incorporated, and nowhere
else.  The shares owned by a non-resident defendant in
the stock of a foreign corporation can not be reached and
levied upon by virtue of an attachment, although officers
of the corporation are within the State, engaged in car-
rying on the corporate business."  If the appellee could
not seize, and the court did not have jurisdiction to sell,
the stock which the Pidcocks may have held in the ap-
pellant company, then it was wholly immaterial, so far
as the bank was concerned, in this suit, whether the Pid-
cocks did or did not have stock in the appellant company.
It was not necessary for the appellant to deny that such
stock was held, because the court did not have jurisdic-
tion to sell or subject it to the payment of the bank's

debt. The appellant, by amended pleading, explained the circumstances under which Kyle filed the answer, and showed that he had no connection with the company, except as we have herein indicated.

We do not think the facts authorized this court to hold that the answer which Kyle filed for the appellant would amount to a conversion of the stock of J. N. Pidcock, Jr. It is true that an action will lie for the conversion of shares of stock. The proof in this case shows. that the secretary and treasurer of the appellant, after the answer was filed, regarded J. N. Pidcock, Jr., as a stockholder. He, in so far .as the record shows still holds his certificate of stock. Neither does it appear that the company, outside of this action, has questioned Pidcock's right to the stock, nor has it done so in this action on any issue raised between the appellant and Pidcock; for, as a matter of fact and law, there is no issue in the action between them. It is evident that the reason which influenced the bank to try to make the appellant liable for the alleged conversion was because it had failed to show that the $2,300 in bank belonged to the Pidcocks, and, further, because the stock which J. N. Pidcock, Jr., held in the appellant company, could not in this jurisdiction be subjected to the payment of the plaintiff's debt. If the $2,300 had actually belonged to the Pidcocks, then the court would have so adjudged, and appropriated it to the payment of the bank debt; but, as the money in the bank belonged to the appellant, the court would not get jurisdiction to adjudge the rights of the parties simply because the bank claimed the amount deposited belonged to the Pidcocks.

The conclusions we have reached obviate the necessity of considering the question as to the jurisdiction of the court, and the rights of the appellee had it appeared that

the appellant was indebted to the Pidcocks at the time the order was served. The judgment is reversed, with directions that the petitions be dismissed.

Judge Hazelrigg not sitting.