### GUNDRY v. REAKIRT.

(Circuit Court, E. D. Pennsylvania. October 8, 1909.)

No. 582.

1. GARNISHMENT (§ 16\*)—FOREIGN CORPORATION.

An attachment execution is available in Pennsylvania to reach a debt owed by a foreign corporation, lawfully doing business in that state, to the defendant in the original judgment.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 29, 30; Dec. Dig. § 16;\* Corporations, Cent. Dig. § 2630.]

2. GARNISHMENT (§ 27\*)—CORPORATE STOCK.

Attachment execution is not a proper remedy to reach a stockholder's interest in a corporation, the corporation not being a debtor to the stockholder to the amount of the stock liability, in the absence of express statute authorizing it.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 46; Dec. Dig. § 27.\*]

3. EXECUTION (§ 29\*) — PROPERTY SUBJECT — FOREIGN CORPORATIONS — STOCKHOLDER'S INTEREST.

The situs of a stockholder's interest in a corporation being the corporation's domicile the interest of a stockholder in a New Jersey corporation, though maintaining an office and doing business in Pennsylvania, could not be reached in that state. under Act Pa. June 16, 1836 (P. L. 765) § 22 (2 Stewart's Purdon, p. 1520, par. 20), providing that the stock owned by

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

any defendant in any body corporate shall be liable to execution like other goods and chattels.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 61; Dec. Dig. § 29.*]

Action by Richard F. Gundry against Margaret L. Reakirt, in which the Cumberland-Georges Creek Coal Company was summoned as garnishee. On exceptions to the answer of the garnishee. Overruled in part.

Thomas Stokes, for plaintiff.

J. Frank Staley, for garnishee.

J. B. McPHERSON, District Judge. The plaintiff, having recovered a judgment in the Circuit Court against the defendant, has issued an attachment execution thereon and summoned the Cumberland-Georges Creek Coal Company as garnishee. The coal company was chartered by the state of New Jersey, but is registered in Pennsylvania as a foreign corporation and maintains an office in the city of Philadelphia. The attachment was duly served upon the president, who is also the agent named in accordance with the Pennsylvania law as the person upon whom process is to be served. The company entered an appearance and answered the plaintiff's interrogatories, denying that it possesses or controls any property belonging to the defendant, or is indebted to her in any manner. These answers are not objected to, but exception is taken to the answer to the following interrogatory:

"(7) At the time the writ in the above case was served upon you, or at any time since, was the said defendant the owner or holder of, or in any way or manner entitled to, certificates of stock, or shares, or any interest, in the capital stock of the Cumberland-Georges Creek Coal Company? If yea, state the number of shares or amount of interest that said defendant was the owner or holder of, or in any way or manner entitled to receive, and what is their par value, and whether the said shares were transferred by power of attorney on the books of said company."

The garnishee answered this question by submitting itself to the court for instruction, giving as the reason for so doing:

"That, as it is a corporation organized under the laws of the state of New Jersey, although registered as a foreign corporation to do business in the state of Pennsylvania, with F. A. Von Boyneburgk designated as its registered agent, with offices at Nos. 475–477 Bourse Building, Philadelphia, upon whom the writ in this case was served, it is not required to make answer, and for the further reason that the interrogatory so addressed is immaterial and irrelevant."

The suggestion that the interrogatory is immaterial and irrelevant need not be considered, since in my opinion the following considerations furnish a sufficient ground for refusing to require a further answer from the garnishee:

It is no doubt true that the writ of attachment execution may be used in Pennsylvania to reach a debt owed by a foreign corporation, lawfully doing business in the state, to the defendant in the original judgment. Fithian v. Railroad Co., 31 Pa. 114, and Barr v. King, 96 Pa. 485, were cases of this kind. But a corporation does not owe a debt

For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to one of its stockholders in respect of his shares, and the writ of attachment execution is not an appropriate remedy against them, unless its scope has been thus extended by legislation. In Pennsylvania the only law subjecting corporate shares to execution (so far as I am advised) is the act of 1836. P. L. 755. The twenty-second section of that statute (2 Stewart's Purdon, p. 1520, par. 20) provides that:

"The stock owned by any defendant in any body corporate * * * shall be liable to execution like other goods or chattels. * * *"

And sections 32, 33, 34, 36, 37, and 38 (Id. pp. 1532–33, pars. 45–47; Id. pp. 1537–1540, pars. 49, 50, 52) describe the procedure, "in the nature of an attachment," by which the stock may be levied upon and sold. But the act of 1836 applies only to stock in Pennsylvania corporations. It makes no attempt to subject the stock of foreign companies to execution process in this state; and it need hardly be said that, without express legislative declaration of such a purpose, the general words of the statute must be restricted to domestic shares. Whether an attempt by one state to authorize a levy within its own borders upon shares of capital stock in a foreign corporation can be successful is a question that need not now be decided. For present purposes it is enough to hold that no such effort can be sustained, unless there is at least the apparent warrant of a statute permitting the effort to be made.

The general rules of law concerning the liability of stock to execution are well settled. For example, in section 480 of 2 Cook on Corporations (5th Ed.) it is said:

"A share of stock is in the nature of a chose in action, and at common law a chose in action could not be reached by or made subject to a levy of execution. Consequently it has been uniformly held by the courts that at common law a levy of execution could not be made on shares of stock. Unless, therefore, the process of execution has been extended by statute, so as to reach such property, the stock of a judgment debtor cannot be made subject to the payment of his debts by means of an execution. An attachment, being entirely statutory, can be levied on shares of stock only when the words of the statute declare that an attachment may be levied upon such property."

In section 485 it is further said:

"Shares of stock in a corporation are personal property, whose location is in the state where the corporation is created. It is true that for purposes of taxation, and for some other similar purposes, stock follows the domicile of its owner; but, considered as property separated from its owner, stock is in existence only in the state of the corporation. All attachment statutes provide for the attachment of a nonresident debtor's property in the state, and generally, under such statutes, the stock owned by a nonresident in a corporation created by the state wherein the suit is brought may be attached, and jurisdiction be thereby acquired to the extent of the value of the stock attached. But a defendant's shares of stock cannot be reached by a levy of attachment in an action commenced outside the state wherein the corporation is incorporated, unless the certificates of stock are within the state where the suit is commenced and are reached by the sheriff. For purposes of attachment, stock is located where the corporation is incorporated, and nowhere else. The shares owned by a nonresident defendant in the stock of a foreign corporation cannot be reached and levied upon by virtue of an attachment, although officers of the corporation are within the state engaged in carrying on the corporate business."

And in section 491:

"The process of garnishment is proper only where a debt is due from a third person to the defendant debtor. It is not a proper remedy for reaching shares of stock owned by the debtor. The corporation owes the stockholder no debt, and by no fiction of law can it be held to be a debtor of the defendant debtor."

Thompson on Corporations, vol. 2, § 2786, is similar in effect:

"So far as the writer knows, all the states which prescribe the manner of levying upon shares of corporate stock by execution or attachment prescribe that it shall be done by giving notice to the corporation, or to its secretary, or to the officer having charge of its books; this notice to the officer in charge of the corporate books being essential to the validity of the seizure. The effect of such a statutory provision necessarily is to make the situs of corporate shares for the purpose of the levy of an execution or attachment the situs of the corporation itself. It follows that shares owned by a nonresident defendant in the stock of a foreign corporation cannot be reached and levied upon by virtue of an attachment, although officers of the corporation are in the state of the forum, engaged in carrying on the corporate business there. But, when the foreign company has by appropriate legislation been vested with the character and status of a domestic corporation, then its stock has been held to be within the jurisdiction of the local court and subject to execution."

In 19 Cyc. p. 1338, § 111, a recent summary of the law is to be found:

"It has generally been held that, for the purpose of attachment or garnishment of shares of stock in a corporation, their situs is the domicile of the corporation, and they cannot be reached by such process in another state, even though the debtor shareholder is a resident of such other state and the certificates of stock are found therein; and even though the corporation may be doing business and be subject to process in such other state. In some cases, however, the contrary has been held where the certificates were in the state, or where the corporation had become domesticated under the laws of the state."

To the same effect is section 2b, p. 906, vol. 13, of the American & English Encyclopedia of Law (2d Ed.):

· "It is a well-settled rule that, in the absence of a statute expressly authorizing the attachment of stock owned by nonresident defendants in a foreign corporation, such stock cannot be reached or levied upon by virtue of an attachment in the domestic state. The mere fact that the officers of the foreign corporation reside within the state and are engaged in promoting and transacting its business, or that one of its branch registry offices is located in such state and that certificates may be found within its borders, makes no difference. The situs of stock for the purpose of attachment is the domicile of the corporation, and that place alone. Certificates of stock are not the stock itself. They are but evidences of the stock, and the stock cannot be attached by levy of attachment on the certificate."

There is some difference of opinion concerning one or two of the statements contained in the foregoing quotations, but the general rule is unquestioned that the situs of stock for the purpose of attachment is in the domicile of the corporation issuing the shares. They are therefore not subject to the process of another state, and (in the absence of legislation attempting to reach the foreign stock) it can make no difference whether the owner of the shares is a resident of the domestic, or of the foreign, state. See, also, Pinney v. Nevills (C. C.) 86 Fed. 97, and note to Simpson v. Jersey City, etc., Co., 55 L. R. A. 796.

The state of New Jersey has dealt with the subject of levying upon whatever stock the defendant may own in the Cumberland-Georges Creek Coal Company. Gen. St. 1895, p. 913, § 26, provides:

"That the shares of stock in every corporation of this state shall be deemed personal property and shall be transferable on the books of such company in such manner as the by-laws may provide."

Act March 10, 1892 (P. L. 1892, p. 90; Gen. St. 1895, p. 989, § 366), makes it lawful—

"for any corporation of this state, incorporated under any general or special act, to carry on and conduct its business outside of the state of New Jersey, although not provided for in the act of certificate of incorporation of such corporation: Provided, however, that such corporation shall have an office in the state of New Jersey."

By Act March 17, 1869 (P. L. 1869, p. 498; Gen. St. 1895, p. 1415, § 4), it is provided that

"Any share or interest in any bank, insurance company, or other joint-stock company, that is or may be incorporated under the authority of the state or of the United States, belonging to the defendant in the execution, may be taken and sold by virtue of such execution in the same manner as goods and chattels."

In the three following paragraphs the method of executing such a writ is ordained, not only when the proper officer of the company is a resident of the state, but also when he is a nonresident. These provisions resemble some of those considered by the Supreme Court in Jellenik v. Huron, etc., Co., 177 U. S. 1, 13, 20 Sup. Ct. 559, 563, 44 L. Ed. 647, where it was held that shares of stock in a Michigan corporation were to be deemed personal property in that state transferable on the books of the company and that the share or interest of a stockholder might be taken in execution in the method provided by the Michigan laws. Mr. Justice Harlan, speaking for the court, said:

"Whether the stock is in Michigan, so as to authorize that state to subject it to taxation as against individual shareholders domiciled in another state is a question not presented in this cause, and we express no opinion upon it. But we are of opinion that it is within Michigan for the purposes of a suit brought there against the company—such shareholders being made parties to the suit—to determine whether the stock is rightfully held by them. The certificates are only evidence of the ownership of the shares, and the interest represented by the shares is held by the company for the benefit of the true owner. As the habitation or domicile of the company is and must be in the state that created it, the property represented by its certificates of stock may be deemed to be held by the company within the state whose creature it is, whenever it is sought by suit to determine who is its real owner. This principle is not affected by the fact that the defendant is authorized by the laws of Michigan to have an office in another state, at which a book showing the transfers of stock may be kept."

In brief, there is no domestic legislation attempting to authorize the attachment now in question, and no reason is perceived why the plaintiff may not be required to pursue in that state the remedy that is given by the law of New Jersey.

The exception to the seventh answer of the garnishee is overruled.