## Bowman v. Breyfogle.

(Decided November 21 ,1911.)

Appeal from Jefferson Circuit Court.
(Chancery Branch, Second Division).

1. Foreign Corporation—Fraudulent Transfer of Stock Actionable in This State.—A foreign corporation doing business in this State to whom its stock has been fraudulently transferred by a non-resident debtor, may be sued in this State by a creditor to set aside the fraudulent transfer.

2. Prospective Dividends—Liability to Attachment.—A dividend until declared has no existence. Prospective dividends which have not been declared cannot be attached under section 439 of the Code of Practice.

3. Stock of Non-resident Debtor—Attachment by Creditor.—Stock held by a non-resident debtor in a corporation created under the laws of Delaware but having its chief office and doing all its business in Kentucky, may be attached in Kentucky by a creditor in an action brought under Section 439 of the Code on a return of no property found.

WM. W. CRAWFORD for appellant.

GRUBBS & GRUBBS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Section 439 of the Code is as follows:

"After an execution of fieri facias, directed to the county in which the judgment was rendered, or to the county of the defendant's residence, is returned to the proper officer, either as to the whole or part thereof, in substance, no property found to satisfy the same, the plaintiff in the execution may institute an equitable action for the discovery of any money, chose in action, equitable or legal interest, and all other property to

which the defendant is entitled, and for subjecting the same to the satisfaction of the judgment; and in such actions persons indebted to the defendant or holding money or property in which he has an interest, or holding evidences or securities for the same, may be also made defendant.''

David F. Bowman brought this suit under this section against William L. Breyfogle, William L. Breyfogle as executor and trustee under the will of Zerelda C. Breyfogle, deceased, John W. Breyfogle and the Peerless Manufacturing Company. He alleged these facts: On June 18, 1906, he recovered a judgment in the Jefferson Circuit Court against William L. Breyfogle for $17,-367.60, with interest from that day subject to a credit of $9,052.50, as of April 15, 1897, together with $18.70, his cost in that action; and in April, 1911, he had an execution issued from the clerk's office of the Jefferson Circuit Court on the judgment directed to the sheriff of Jefferson County and returnable on June 5th, 1911; the execution came to the hands of the sheriff on April 22, 1911, and was returned by him on April 25th, 1911, no property found; no part of the judgment has been paid. William L. Breyfogle was and is a member of the firm of Winstandley & Company, composed of William L. Breyfogle and Isaac S. Winstandley, now deceased, and as such was the owner of a three-fifths interest in all the assets of the firm. The firm of Winstandley & Company owned 1,450 shares of the stock of the Peerless Manufacturing Company, a manufacturing corporation duly organized and existing and having its principal office, its books and records, its manufacturing plant, its stock books and all its assets in Louisville, Jefferson County. It pays all its dividends on its capital stock at its office in Louisville. Some of the stock referred to has been transferred by William L. Breyfogle to his wife, Zerelda C. Breyfogle, since deceased, and some to his son, John W. Breyfogle; but these transfers were made wholly without consideration and for the sole purpose of defeating the payment of the plaintiff's debt. The capital stock of the Peerless Manufacturing Company now standing in the name of William L. Breyfogle, trustee, or William L. Breyfogle, trustee for Zerelda C. Breyfogle, is the property of Winstandley & Company, and three-fifths thereof belongs to William L. Breyfogle. Zerelda C. Breyfogle died December 27, 1910, a resident of Warren County, New York. Her will was duly admitted to

probate, and William L. Breyfogle qualified as executor and trustee under the will in the Surrogate Court of Warren County, New York, and thereafter on March 22, 1911, offered for probate in the county court of Jefferson County, Kentucky, a duly authenticated copy of the will, and the will was duly probated in that court; thereupon William L. Breyfogle took the oath as executor and trustee under the will and executed bond and qualified as executor and trustee, and is the acting executor and trustee. William L. Breyfogle and John Breyfogle are each non-residents of Kentucky, residing in Warren County, New York. The Peerless Manufacturing Company now holds in its treasury 250 shares of its capital stock which were donated to it by William L. Breyfogle, trustee, and John W. Breyfogle. This stock was transferred to it in fraud of the plaintiff's rights. The Peerless Manufacturing Company has paid large dividends on the stock above referred to, and is about to pay additional dividends. William L. Breyfogle as executor and trustee of Zerelda Breyfogle, and John W. Breyfogle claim some interest in the stock nominally standing in their respective names on the books of the Peerless Manufacturing Company, but in truth and in fact the stock belongs to Windstandley & Company. The plaintiff prayed a general order of attachment against the property of the defendant, William L. Breyfogle; that he be required to disclose all property, legal or equitable, which he had; that the stock of the Peerless Manufacturing Company above referred to be subjected to the plaintiff's debt, and that all dividends thereafter payable be also subjected. A general attachment was issued which was executed on the Peerless Manufacturing Company. The summons issuing on the petition was also served on it, and William L. Breyfogle individually and as executor and trustee under the will of Zerelda C. Breyfogle and John W. Breyfogle were proceeded against by constructive service. They appeared solely for the purpose of objecting to the jurisdiction of the court and filed a pleading in which they averred that David F. Bowman, the plaintiff, is a resident of the State of Indiana, that the Peerless Manufacturing Company is a corporation organized and existing under the laws of the State of Delaware, and that the other defendants are each residents of the State of New York. They prayed that the attachment be discharged, and the action be dismissed for want of jurisdiction. The court sustained the plea

to the jurisdiction made by the Breyfogles; the action was dismissed as to them, and the attachment discharged. The plaintiff appeals.

The circuit court appears to have based his judgment on the case of New Jersey Sheep Company v. Traders Deposit Bank, 104 Ky., 90, in which it was held that a court of this State has no jurisdiction to subject to the plaintiff's debt stock held by the defendant in a foreign corporation doing business in this State through local agents. That case is in accord with the great weight of authority. (See 2 Cook on Corporations, section 485, 5 Thompson on Corporations, section 5832, 19 Cyc., 1338, and cases cited.) But this case differs from that and the other cases cited in the text books above referred to in this, that here the corporation which is made a defendant to the action is itself the holder of 250 shares of the stock which have been transferred to it without consideration and for the fraudulent purpose of defeating the collection of the plaintiff's debt. The corporation is made a defendant to the action. The purpose of the action is to subject these 250 shares of stock to the plaintiff's debt. The case would not be different if it was charged that Breyfogle had turned over to the corporation any other real or personal property in fraud of the plaintiff's rights. The fraudulent grantee being before the court by actual process, the fraudulent grantor may be brought in by constructive service, and the fraudulent grantee may be required by the court to give up the property thus fraudulently acquired. In the case referred to the New Jersey Sheep Company was simply summoned as a garnishee; but in this case the corporation is a defendant to the action and the purpose of the action is to subject to the plaintiff's demand the property which is in the hands of the corporation and held in its own name. In Pittsburg, &c., R. R. Co. v. Bartels, 108 Ky., 216, we held that a court in this State has jurisdiction to subject by garnishment a debt due to a non-resident defendant by a non-resident corporation doing business in this State. In Goodwin v. Clayton, 107 Am. St. Rep., 479, practically the same view was taken by the Supreme Court of North Carolina. In that case a foreign corporation doing business there was garnisheed on account of salary due to one of its salesmen on whom process was served by publication, who was a resident of Virginia, and whose services were performed in that State. In Simpson v. Jersey City Contracting Company,

165 N. Y., 193, certificates of stock in a foreign corporation belonging to a non-resident but in the possession of a resident of New York as security for a debt, were levied upon under an attachment, the debtor being proceeded against by constructive service. The attachment was sustained. The same ruling was made in Puget Sound National Bank v. Mather, 60 Minn., 362. We do not see that this case so far as the 250 shares of stock held by the Peerless Manufacturing Company itself are concerned, can be distinguished from those cited. Section 202 of the Constitution provides:

"No corporation organized outside of the limits of this State shall be allowed to transact business within the State on more favorable conditions than are prescribed by law to similar corporations organized under the laws of this Commonwealth."

If stock in a domestic corporation was transferred to the corporation by a debtor in fraud of his creditors, it might be reached by a proceeding of this sort in an action against him and the corporation. The foreign corporation must do business within the State on conditions no more favorable than domestic corporations, and when it comes into the State and does business here, it makes itself subject to the laws of the State just as a domestic corporation. It may be required to give up property improperly acquired just as a domestic corporation may be required to do. We are, therefore, of opinion that as to the 250 shares of stock held by the corporation, the circuit court erred in holding the plea to the jurisdiction good, and that to this extent the plea should have been held insufficient.

It is insisted for Bowman that he had a right to attach the dividends on the stock though he could not reach the other shares of stock; that the dividends when once declared are but a debt due from the corporation to the stockholder, and like any other debt, may be subjected by garnishment. It is insisted that any interest in property is subject to attachment under section 439 of the Code above quoted. It is true that any chose in action may be attached under that section or any property right, but there is no right to a dividend unless it is declared. It is not a case of a debt not due but there is no debt at all. The dividend has no existence until it is declared, and there is nothing for an attachment to reach in a case like this, so far as the prospective dividends are concerned.

It remains to determine whether the court has jurisdiction of the other shares of stock in controversy upon the facts stated. In Young v. South Tredeger Iron Company, 85 Tenn., 189, an action like this was brought to subject to the plaintiff's debt by an attachment proceeding, stock in a foreign corporation owned by a nonresident debtor. In an elaborate opinion by Judge Lurton, the attachment was sustained, and so far as we have seen this opinion has been approved elsewhere. There was a statute in Tennessee which provided, among other things, that a manufacturing corporation formed under the laws of another State must file with the Secretary of State a copy of its charter and cause an abstract of it to be registered in the county in which it proposed to do business. By a subsequent section it was provided that such corporations should be deemed and taken to be corporations of Tennessee and subject to the jurisdiction of the courts of the State and might sue and be sued as directed in the case of corporations created under the laws of the State. It is insisted that we have no such statute here, and we have not a similar provision. But by section 203 of the Civil Code of Practice, it is provided that an order of attachment shall be executed by the sheriff "as to stock in a corporation or property held or a debt or demand owing by it" by delivering a copy of the order with a notice specifying the property attached to the officer or agent upon whom a summons may be served; and by section 732, subsection 32, of the Civil Code of Practice, it is provided:

"The words 'residence,' 'reside,' mean, with reference to a corporation, its chief office or place of business."

While the Peerless Manufacturing Company is incorporated in Delaware, it has its principal office, its books, its manufacturing plant, its stock books and all its assets in Louisville, Kentucky, and pays all its dividends on its capital stock there. It is, therefore, not a non-resident of the State within the meaning of the Code, but is a resident of Jefferson County. While our statutes do not declare it a domestic corporation as was done in Tennessee, they do provide that its residence is at its chief office or place of business, and when a corporation has its chief office in this State and all its assets in this State, transacts all its business relating to the stock here, and pays its dividends here, it is difficult to see upon what prin-

ciple it can be said that the stock of this corporation has not a situs in Kentucky. It is true a corporation may not of itself change its residence, but the State may empower it to do so. The power which may create a corporation may give an existing corporation a residence. Personal property at common law was said to follow the person and to have its situs where he was, but the more modern doctrine is that the owner of personal property may give it a situs elsewhere. The stock certificate simply represents the property of the corporation, all of which in this case is in Louisville. While the corporation is a Delaware corporation, it has under our statutes a residence in Louisville. If the State may by its statute simply declare that a foreign corporation doing certain things shall become a domestic corporation, and then its stock has a situs within the State, we are at a loss to understand why the State may not declare by statute that a corporation doing certain things shall become a resident; or why if this is done, the stock of the corporation is not given a situs in the State as fully in the one case as in the other.

The rule is that stock owned by a non-resident debtor in a domestic corporation may be attached where the statutes allow the attachment of the property of an nonresident; and makes the shares of stock subject to attachment, and in such a case it is immaterial that the certificates of stock are not within the jurisdiction of the court. (National Bank v. Lake Shore R. R. Co., 21 Ohio St., 221; C. & O. Ry. Co. v. Payne, 29 Grat., 509; Young v. South Tredeger Iron Co., 85 Tenn., 189.) As the stock books of this corporation are kept at Louisville, the stock is issued there, the dividends are paid there, and the corporation under the statute has established its residence there, the stock of this company has a situs within the State as fully as the stock of a domestic corporation. In New Jersey Sheep Company v. Traders Deposit Bank, 104 Ky., 90, the corporation was only doing business in the State by local agents. It had not established its residence here, and so far as we have seen all the cases holding as in that case were based on similar facts. In Daniel v. Gold Hill Mining Co., 28 Wash., 411, the stock had been sold at a sheriff's sale, and the opinion is rested on the ground that the sheriff was without authority to sell the stock. This is a proceeding in equity under a statute to enforce the satisfaction of a judgment. It was the plain purpose of the statute to

provide a means of discovering any money, chose in action, equitable or legal interest or other property to which the defendant was entitled, and for subjecting it to the satisfaction of the judgment. The statute is very broad in its terms and must cover all property having a situs in this State. To say that this stock has a situs in Delaware and not in this State is to follow a fiction and shut our eyes to the truth. We, therefore, conclude that the court has jurisdiction as to all the stock in question, and erred in holding the plea good as to any of it.

Judgment reversed and cause remanded for further proceedings consistent herewith.