### NEAL v. KURZ.
### No. 2406.

Court of Civil Appeals of Texas. El Paso.
March 20, 1930.

Church, Read & Bane, of Dallas, for plaintiff in error.

E. B. Muse, Cavin Muse, and Geo. C. Cochran, all of Dallas, for defendant in error.

HIGGINS, J.

Plaintiff in error, garnishee of H. V. Robertson, answered the writ of garnishment admitting he was "indebted to the said .V. H. Robertson in the sum of two hundred and fifty dollars as evidenced by five certain promissory notes of fifty dollars each, the first of said notes being due and payable at Dallas, Texas, in the sum of fifty dollars on May the first, 1929, and a like sum on the first of each month thereafter until the full amount shall be paid. And garnishee says that he will not pay said money or any of same to the said V. H. Robertson until ordered to do so by the court and will withhold payment in trust to be paid to whomsoever the court orders same. paid." This answer was filed May 8, 1929.

On June 5, 1929, judgment upon the answer was rendered against the garnishee for $250. There are no findings nor statement of facts in the record.

Plaintiff in error's first proposition is that he was not chargeable in garnishment, because he was indebted to Robertson on negotiable notes.

An indebtedness upon a promissory note is subject to garnishment unless the note is négotiable. 28 C. J. 153, § 192. If the plaintiff in error had answered that the notes were negotiable it would have been error to render judgment against him without pleading and proof, by defendant in error, of facts showing that the debt was subject to garnishment, notwithstanding the negotiable character of the notes. But the answer did not show the notes were negotiable. When the garnishee admitted his indebtedness by notes it was incumbent upon him to then aver they were negotiable, and, having failed so to do, the court did not err in rendering judgment against him upon his answer. 28 C. J. 153, § 192.

As to the matter of judgment being rendered before all of the notes had matured, this presents no error in view of the terms of the judgment which provide that the same "shall be payable by the said J. G. Neal on the due dates as evidenced by the notes he executed to the said V. H. Robertson." 28 C. J. 325, § 497; Marble Falls Ferry Co. v. Spitler, 7 Tex. Civ. App. 82, 25 S. W. 985; King v. Vance, 46 Ind. 246.

Affirmed.