## ENGLER v. GENERAL ELECTRIC CO.

District Court, S. D. New York.
June 5, 1941.

See, also, D.C., 32 F.Supp. 913.

## In re FINN.
### No. 186.

District Court, E. D. Kentucky, Covington.
Sept. 4, 1941.

608

Edward J. Elliott, of Covington, Ky., for petitioner.

Patrick M. Flannery, of Covington, Ky., for bankrupt.

SWINFORD, District Judge.

Martin Finn, a resident of Kenton County, Kentucky, was the owner of thirteen shares of common stock in the City Ice and Fuel Company, an Ohio Corporation. This corporation was doing business in Kenton County, Kentucky, under its corporate name.

A creditor of Finn, Theodore Von Handorf, secured judgment for rent against Finn in a suit in a magistrate's court in Kenton County. In the action in the magistrate's court the City Ice and Fuel Company was made a garnishee defendant. It answered that it had no funds or property, owing the defendant, in its hands. The order of attachment was sustained incidental to the judgment. Subsequent to these proceedings in the magistrate's court Finn filed his voluntary petition in bankruptcy. Von Handorf asserted his claim on the judgment and asks that he be adjudged a preferred claim on the corporate stock by reason of his attachment.

The evidence heard before the referee in bankruptcy established that the City Ice and Fuel Company had its principal office and place of business in Cleveland, Ohio, from which place it issued stock, declared dividends and transacted its executive functions. The thirteen shares of stock in issue at the time of the attachment were in the possession of a trustee in Cincinnati, Ohio.

■ The question presented was whether the stock of a foreign corporation not actually within the jurisdiction of the court issuing the attachment could be attached for debt.

The referee held that it could not and denied a preference to Von Handorf.

In my opinion the ruling of the referee is correct.

■ The rule is stated in the case of New Jersey Sheep & Wool Co. v. Traders' Deposit Bank et al., 104 Ky. 90, 46 S.W. 677, 678: "At the time the answer was filed, the appellee's pleadings disclosed the facts that the Pidcocks were nonresidents of Kentucky, and that the appellant was a nonresident corporation organized under the laws of New Jersey. The court did not have jurisdiction to sell the stock which the Pidcocks held in the appellant company. It is said in Cook, Stock, Stockh. & Corp. Law, § 485, that: 'All attachment statutes provide for the attachment of a nonresident debtor's property in the state; and generally, under such statutes, the stock owned by a nonresident in a corporation created by the state wherein the suit is brought may be attached, and jurisdiction be thereby acquired, to the extent of the value of the stock attached. But under no circumstances can a defendant's shares of stock be reached by levy of attachment in an action commenced outside of the state wherein the corporation is incorporated. For purposes of attachment, stock is located where the corporation is incorporated, and nowhere else. The shares owned by a nonresident defendant in the stock of a foreign corporation cannot be reached and levied upon by virtue of an attachment, although officers of the corporation are within the state, engaged in carrying on the corporate business.' If the appellee could not seize, and the court did not have jurisdiction to sell, the stock which the Pidcocks may have held in the appellant company, then it was wholly immaterial, so far as the bank was concerned, in this suit, whether the Pidcocks did or did not have stock in the appellant company."

The rule here expressed was later approved in Bowman v. Breyfogle, 145 Ky. 443, 140 S.W. 694, Ann.Cas.1914B, 938, and its reasoning followed in many other jurisdictions. See Ann.Cas. 1912D, page 955 note; also, 122 A.L.R. 338.

The petition for review should be dismissed and an order to that effect is this day entered.