**WIRT FRANKLIN PETROLEUM CORPO-
RATION et al. v. GRUEN.**

No. 10814.

Circuit Court of Appeals, Fifth Circuit.

Jan. 5, 1944.

C. E. Bryson, of Houston, Tex., for appellants.

John W. Miller and Wm. H. Flippen, both of Dallas, Tex., for appellee.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

Bettye Gruen, a judgment creditor of Lloyd Carter, caused writs of garnishment to be issued against the appellants and others to compel the sale under execution of certain shares of capital stock in the Wirt Franklin Petroleum Corporation, alleged to belong to Carter, with application of the proceeds against the judgment debt. Judgment was entered upon a jury verdict in favor of the plaintiff against Floyd Karsten, Morris Rauch, and Wirt Franklin Petroleum Corporation, and these garnishees have appealed.

The basis of the execution against the stock was that Carter, in order to avoid a distress sale, transferred the stock to Karsten and Rauch for $5,000 under an agreement that Carter might reacquire the stock from the transferees within two years upon payment to them of $6,000; that the transaction, though denominated an outright sale, was in fact a pledge or mortgage, or was a conditional sale with an option to repurchase, under which the judgment debtor derived an enforceable right to recover the stock upon payment of $6,000; that the judgment creditor in the garnishment proceeding was subrogated to all the rights of her debtor, and was ready, able, and willing to pay over the $6,000 required to satisfy the debt or exercise the option. The judgment ordered the stock sold under execution to satisfy the plaintiff's debt, and directed that $6,000 of the proceeds be used to pay Karsten and

Rauch the sum due them under the contract.

■ The first question is whether the United States District Court in Texas had jurisdiction to decree an execution against the capital stock of the corporation, it being chartered under the laws of Delaware. The general rule (nurtured in the fiction that a corporation is a creature of the state of its creation without power to migrate therefrom) is that the capital stock of a corporation has a situs for purposes of attachment, garnishment, and execution in the state of its corporate domicile only.[1] Few departures from this rule have found judicial sanction, but one of the exceptions best recognized is that a corporation may create a domicile in fact by the centralization of its management, the maintenance of its corporate books and records, and the conduct of its principal business and corporate activities, in another state.[2] Our study indicates that no court of Texas has decided whether the domicile in fact of a corporation may be regarded as such a situs of its capital stock for jurisdictional purposes.

From the undisputed evidence it appears that the business operations of the Wirt Franklin Petroleum Corporation are carried on almost exclusively in Texas and Oklahoma. Its principal office is at Dallas, Texas; its minute book and stock ledger, together with other corporate records, are kept there; its finances are handled through Dallas banks; and the officials of the corporation direct its affairs at Dallas. No business is done and no property is owned by the corporation in Delaware, and only such corporate records are kept there as are required by Delaware statutes.

■ The ownership of capital stock is equitably the ownership of an undivided interest in the properties of the corporation, and by fiction the citizenship of a corporation for purposes of suit is in the state of its creation.[3] A certificate of stock is only an evidence of such undivided interest. The certificate may be concealed and kept beyond the reach of creditors, but the stock book of the corporation is a reliable record of such ownership. Garnishment is in the nature of a proceeding in rem, as to which the situs of the res is generally determinative for purposes of jurisdiction.[4] Corporate management usually functions, and corporate books and records normally are maintained, at the legal domicile. To subject the stock to attachment or garnishment in other jurisdictions ordinarily would impose undue hardships upon the corporation.

■■ While in a measure these reasons prompted the development of the general rule fixing the situs of stock at the corporate domicile, they in no sense disfavor the recognition of a corporate domicile in fact for jurisdictional purposes. Indeed, where a domicile in fact is shown to exist, corporate convenience is subserved by litigation where the corporation actually is, rather than where its fictitious citizenship exists. It is also true that the forum of the domicile in fact has a better claim to jurisdiction over the res than has the domicile of charter grant, because the stock books and the bulk of the corporate properties and enterprises are there. The trend of modern decisions is to administer justice in accordance with the realities disclosed by the facts; no legal fiction, however revered in antiquity, should be given effect when it is clearly antagonistic to the facts, to common sense, and to natural justice.[5] For these reasons we think the court below had

[1] Jellenik v. Huron Copper Mining Co., 177 U.S. 1, 20 S.Ct. 559, 44 L.Ed. 647; Gundry v. Reakirt, C.C., 173 F. 167; La Varre v. International Paper Co., D.C., 37 F.2d 141; B. & A. Drilling Co. v. Norton, Tex.Civ.App., 20 S.W.2d 413, 415.

[2] Young v. South Tredegar Iron Co., 85 Tenn. 189, 2 S.W. 202, 4 Am.St.Rep. 752; Bowman v. Breyfogle, 145 Ky. 443, 140 S.W. 694, Ann.Cas.1914B, 938; Wait v. Kern River Mining, Milling & Developing Co., 157 Cal. 16, 106 P. 98; Dean Rapid Tel. Co. v. Howell, 162 Mo.App. 100, 144 S.W. 135.

[3] Louisville, C. & C. R. R. Co. v. Letson, 2 How. 497, 11 L.Ed. 353; Lafayette Ins. Co. v. French, 18 How. 404, 15 L.Ed. 451; Doctor v. Harrington, 196 U.S. 579, 25 S. Ct. 355, 49 L.Ed. 606; McGovney's "A Supreme Court Fiction", 56 Harvard Law Review, 853.

[4] Morris W. Haft & Bros. v. Wells, 10 Cir., 93 F.2d 991; Laide v. West, 185 Minn. 229, 240 N.W. 894; Kurre v. American Indemnity Co. of Galveston, Texas, 223 Mo.App. 406, 17 S.W.2d 685; 38 C. J.S., Garnishment, §§ 123, 124.

[5] Cf. Wheeling Steel Corp. v. Fox, 298 U.S. 193, 56 S.Ct. 773, 80 L.Ed. 1143; Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437; 56 Harvard Law Review, 853.

jurisdiction of this proceeding against the ·capital stock of the Wirt Franklin Petroleum Corporation.

 Several assignments of error relate to the sufficiency of the evidence to make a jury issue as to whether Carter, at the time he transferred the stock to Karsten and Rauch, retained any enforceable rights of repossession or redemption therein. The jury finding on this issue was in accordance with a clear preponderance of the evidence, and may not be disturbed. It also appears that Carter's claim to the stock was a property right fixed by contract; it was definite, assignable, enforceable, and was subject to garnishment in Texas at any time prior to the expiration of the two-year period fixed for repayment of the loan or redemption of the conditional sale.[6] The existence of other prior liens or equities against the property did not render garnishment proceedings premature, but only required that the relief granted should be, as it was, subject to all equities existing between the garnishee and the judgment debtor.[7]

The judgment appealed from is affirmed.

---

[6] Guffy Petroleum Co. v. Nearn, 45 Tex. Civ.App. 192, 100 S.W. 967; Waggoner v. Briggs, Tex.Civ.App., 166 S.W. 50; Rule 643 of the Texas Rules of Civil Procedure.

[7] Phenix Ins. Co. v. Willis, 70 Tex. 12, 6 S.W. 825, 8 Am.St.Rep. 566; Marble Falls Ferry Co. v. Spitler, 7 Tex.Civ.App. 82, 25 S.W. 985; Beggs v. Fite, 130 Tex. 46, 106 S.W.2d 1039; 4 Am.Jur. 701; 38 C.J.S., Garnishment, §§ 71, 176.